**UNITED STATES of America, Appellee,**

v.

**Solomon GREEN, Appellant.**

**No. 340, Docket 33989.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 4, 1969.

Decided Jan. 27, 1970.

**1238**

Herbert S. Siegal, New York City, for appellant.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, Gary P. Naftalis, Ross Sandler, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

The trial court found Green guilty of perjury in violation of 18 U.S.C. § 1621 (1964), and of conspiracy to violate 26 U.S.C. § 7206(2) (1964) and Green appeals. We affirm the conviction.

■ From the findings of the trial court which are supported by ample evidence it appears that Green participated in a conspiracy to cash winning twin double tickets at Yonkers and Roosevelt Raceways. The purpose of the conspiracy was to keep secret from the raceway officials, and ultimately from the Internal Revenue Service, the identity of true winners on these tickets.

Green contends that his conviction on the conspiracy count must be set aside because he was charged with conspiring with one Sandler and there is insufficient evidence of Sandler's participation. However, the indictment charged Green with conspiring not only with Sandler but with other persons unknown to the Grand Jury. The evidence as to conspiracy with various winners was clearly sufficient to establish the conspiracy.

> "Of course, at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." Rogers v. United States, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951).

Moreover, there was evidence that Green had Sandler obtain for him a quantity of losing twin double tickets to offset the winning tickets.

■ Green also urges that he was not properly convicted of perjury. The question which elicited the allegedly perjurious answer, "No," was:

> "Now, from then [1964] until the present did you engage in any transaction at Yonkers Raceway where you either gave winning twin double tickets to others to cash or cashed winning twin double tickets which you received from others?"

Green's contention that he thought the question referred only to transactions involving more than one ticket is clearly frivolous. In any event a moment later Green answered, "No" to the question:

"During that entire period then you neither cashed anyone else's ticket or gave anyone else a ticket to cash for you?"

 Finally Green argues that the evidence as to perjury did not satisfy the two witness rule. However, apart from the corroboration of each other's testimony provided by two witnesses each testifying to different transactions, see United States v. Manfredonia, 414 F.2d 760, 764 (2d Cir. 1969), the evidence of a witness as to one of the transactions was corroborated by Green's own admission. See United States v. Marchisio, 344 F.2d 653, 665 (2d Cir. 1965).