**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Edwin CANADAY, Defendant-Appellant.**

**No. 72–1630.**

United States Court of Appeals, Ninth Circuit.

Aug. 25, 1972.

Arthur J. Hutton (argued), Tucson, Ariz., for defendant-appellant.

Ann Bowen, Asst. U. S. Atty. (argued), James E. Meuller, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before BARNES and BROWNING, Circuit Judges, and WOLLENBERG, District Judge.*

PER CURIAM:

Defendant and one Breese were charged in one count with transporting a stolen motor vehicle across a state border (18 U.S.C. § 2312). The trials were severed, and Breese was *convicted* by a jury on February 16, 1972. His judgment of conviction was *entered* on February 18, 1972. Defendant's trial commenced on February 17, 1972. He was convicted. We affirm.

Defendant put Breese on the stand as his witness. He had been warned Breese *might be impeached by his "day before"* conviction. (R.T. 26) Defendant's own counsel brought out the fact that Breese had suffered one previous conviction for burglary. Breese then told how he had been given permission to take the involved motor vehicle on a trip from Long Beach to Santa Barbara, but decided to drive to "San Antone" Texas, and then to Biloxi, Mississippi. This was done without the owner's permission. (R.T. 134) The defendants were apprehended in Arizona on the way back to California. Both defendants drove the vehicle on the trip.

On cross-examination, Breese was asked if he had been tried for the offense of transporting the involved auto (owned by a Mr. Buss) in interstate commerce knowing it was stolen. There was no objection made to this question (R.T. 138), and Mr. Breese admitted he had, by reason of his conviction on the previous day. Defense counsel now urges this was error.

The question was proper, for purposes of impeachment (among others), and it has been so held in this Circuit, *whether the conviction was final or not.* The jury's verdict requires nothing more than a ministerial act (its entry) to constitute a judgment.

In United States v. Allen, 457 F.2d 1361, decided April 12, 1972, this Circuit stated:

> "It is the majority view and the law in this circuit that until the judgment of the lower court is reversed, the conviction will stand and the defendant may be questioned regarding that conviction for purposes of impeachment."

United States v. Griffin, 434 F.2d 978 (9th Cir. 1971), cert. denied *sub nomine;* Andrews v. United States, 402 U. S. 995, 91 S.Ct. 2170, 29 L.Ed.2d 160 (1971); Bloch v. United States, 226 F. 2d 185 (9th Cir. 1955), cert. denied 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (1956); United States v. Empire Packing Co., 174 F.2d 16 (7th Cir. 1949) cert. denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949). See also State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 404–406, and Rule 306, Ariz. Rules of Crim. Proc., 17 A.R.S.

The defendant further urges that while the question as to Breese's conviction on the previous day was "particularly prejudicial", it was also error to ask the witness Breese the following further questions:

> (1) "Now when you were arrested, did you stay in jail during the 30th of November in Benson, Arizona?

---

* Honorable Albert C. Wollenberg, United States District Judge, Northern District of California, San Francisco, California, sitting by designation.

(2) "Were you and Canaday together?

(3) "Were you in the same cell?

(4) "Were you there overnight?

(5) "In the same cell?" (Appellant's Brief, p. 6)

Appellant relies on the statement in McCormick on Evidence that, after questioning as to the fact of conviction, where and when it occurred and the punishment therefor,

". . . further details such as the name of the victim and the aggravating circumstances may not be enquired into."

The short answer is that the name of the "victim" was already before the jury, for he (Buss) had testified on the Government's case in chief; and that no questions regarding "aggravating circumstances" were asked of Breese.

We find no error on this second issue.

Affirmed.