UNITED STATES of America,
Appellee,

v.

Charles E. ROSE, Appellant.

No. 75–1412.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1975.

Decided Dec. 12, 1975.
Certiorari Denied March 29, 1976.
See 96 S.Ct. 1497.

**746**

Edwin L. Noel, St. Louis, Mo., for appellant.

Barry A. Short, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before CLARK, Associate Justice,[*] and LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Charles E. Rose appeals his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). His alleged accomplices were tried separately and convicted. We affirmed their convictions in *United States v. Kelley*, 526 F.2d 615 (8th Cir. 1975), and the facts surrounding the offense are fully set forth in that opinion. Rose challenges the admission of certain evidence and denial of various motions by the trial court. We remand the case for further evidence on the issue of probable cause for the accused's arrest by state authorities.

■ Rose first argues that the court abused its discretion in denying his motion to transfer the trial to Kansas City. No prejudice has been shown to have resulted from denial of the motion, and we note that the district court appointed a Kansas City investigator to assist in preparation of the case. We find no abuse of discretion in denying the motion to transfer. *United States v. Phillips*, 433 F.2d 1364, 1368 (8th Cir. 1970),

*cert. denied*, 401 U.S. 917, 91 S.Ct. 900, 27 L.Ed.2d 819 (1971).

Rose contends that hearsay testimony of Gary Roberson, an alleged accomplice, was erroneously admitted. Excluding the contested hearsay, Roberson testified that he, Rose and the others planned to rob a bank in Moberly, Missouri. The next day Roberson met Rose and the others and they drove to Moberly, with Rose a passenger in the lead car and Roberson following in his own car. They went to a house in Moberly, then Roberson, Rose and two others left to observe the layout of the bank. He testified that they also drove through a planned escape route, then returned to the house. Rose and two others left and later came back with two cars which other testimony showed to have been stolen. Roberson, Rose and one of the others got in one car and went to the bank. Roberson testified that he held a gun on the bank guard while Rose and the other man stole the money from the tellers' cages. With Rose driving, they left the bank and drove to where the other stolen car was parked. There they switched cars and continued on the escape route; Rose still drove. They became lost and hid the money in a trash container, then Rose drove away in the car and the others returned to the house. When they arrived Rose was already there.

Rose contends that the evidence, excluding the hearsay statements, was insufficient to show that a conspiracy or concert of action existed between Roberson and the defendant. He also argues that the judge failed to rule that such a concert of action or conspiracy existed and therefore the jury could not consider that evidence, and that the judge failed to instruct the jury that the hearsay could only be used if this prerequisite existed. We considered the same contentions in *United States v. Kelley, supra*, and we reject them here for the reasons set forth in that opinion.

■■ During trial Rose moved *in limine* to suppress testimony of his poten-

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

tial witness, Thomas Simmons, concerning a jury verdict of guilty of Simmons of the same robbery of the bank in Moberly. *United States v. Kelley, supra.* Rose now asserts that denial of the motion was reversible error. At the time of Rose's trial the jury had returned a verdict of guilty against Simmons, but judgment had not been entered thereon. Simmons' motions for judgment notwithstanding the verdict and for a new trial had not been ruled on. Rose made an offer of proof that if Simmons were to testify he would state that he had shared a cell with the accused in the Randolph County Jail on January 22, 1975, and that Rose was absent from his cell for about 20 minutes on that date. According to the testimony of an FBI agent who interrogated Rose, Rose was out of his cell for more than two hours on that date, during which time he made a full confession. The defendant's position is that Simmons' testimony would have impeached the FBI agent and established that Rose could not have made the confession attributed to him, since the confession would have taken more than 20 minutes. Simmons was not called as a witness because defense counsel feared that cross-examination might reveal the guilty verdict returned against Simmons, and he felt that this would suggest to the jury in Rose's case that Rose was guilty as well.

The general rule is that a witness' prior felony convictions are admissible for impeachment. *E. g. Sears v. United States,* 490 F.2d 150, 154 (8th Cir.), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3077, 41 L.Ed.2d 670 (1974); *United States v. Scarpellino,* 431 F.2d 475, 479 (8th Cir. 1970). The District of Columbia Circuit does not allow such impeachment when the conviction is pending appeal. *E. g. Fenwick v. United States,* 102 U.S.App. D.C. 212, 252 F.2d 124, 126 (1958). However, the majority of courts which have passed on the issue allow use of convictions for impeachment with various restrictions, even though the case is on appeal. *E. g. United States v. Shaver,* 511 F.2d 933, 934 (4th Cir. 1975); *United States v. Aloi,* 511 F.2d 585, 596–597 (2d Cir. 1975); *United States v. Franicevich,* 471 F.2d 427, 429 (5th Cir. 1973); *United States v. Allen,* 457 F.2d 1361, 1363 (9th Cir.), *cert. denied,* 409 U.S. 869, 93 S.Ct. 195, 34 L.Ed.2d 119 (1972); *United States v. Empire Packing Co.,* 174 F.2d 16, 20 (7th Cir.), *cert. denied,* 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949). Although we have never squarely decided the issue, *see United States v. Williams,* 484 F.2d 428, 431–432 (8th Cir. 1973), our opinion in *Peterson v. United States,* 508 F.2d 1222, 1223 (8th Cir. 1975), suggests that we favor the majority view. Since Rose's trial the Federal Rules of Evidence have come into effect. Rule 609(e) now clearly allows impeachment of a witness by a conviction which is being appealed. Although the rule was not in effect at the time of trial, we regard it as persuasive authority. Under these circumstances we hold that denial of the motion to suppress testimony of the finding of guilt in Simmons' trial was proper. We find no significant difference between the jury's finding of guilt and the entry of judgment thereon as far as probative value for impeachment purposes. *United States v. Canaday,* 466 F.2d 1191, 1192 (9th Cir. 1972); *see United States v. Turner,* 497 F.2d 406, 407–408 (10th Cir. 1974).

■ Rose was arrested by Kansas City police on Sunday, January 12, 1975, about 2 a. m. and taken to the Kansas City Jail where he was interrogated by the FBI at about noon. At that time he made an exculpatory statement, which was used at trial to impeach him. Rose was taken to the Jackson County Jail later on the 12th. On Monday, January 13, 1975, he was taken before a federal magistrate. Rose contends his January 12 statement should not have been admitted because of impermissible delay in taking him before a magistrate. Since the statement substantially agreed with the alibi defense presented at trial, we find that error in its admission, if any, was harmless.

On January 20, 1975, the accused was again taken before a federal magistrate

for a removal hearing under Fed.R. Crim.P. 40. At that hearing the government presented no evidence and therefore the defendant was released because probable cause had not been established. However, Rose was arrested on a state warrant by the sheriff. of Randolph County before he left the federal courthouse, and was then taken to jail in Huntsville, Missouri. He was never questioned by state officers, but was questioned again by the FBI on January 22, 1975, at which time he confessed to the bank robbery.[1] Rose contends it was error to admit the confession into evidence for two reasons. First he argues that at the time he confessed he was illegally detained under a federal-state working relationship, and secondly, he asserts that the government did not show that the state had probable cause to arrest him.

■ Rose's first challenge to his confession is apparently that United States authorities entered into an arrangement with Missouri authorities to keep him in state custody even though he could not have been kept in federal custody because of delay in indictment.[2] He relies on *Anderson v. United States*, 318 U.S. 350, 355–356, 63 S.Ct. 608, 87 L.Ed. 829 (1943). The question of an illegal working relationship was explored at the hearing on the motion to suppress, and federal and state officers denied any such relationship. There was no testimony, however, by the prosecuting attorney who signed the complaint. It appears that the accused was arrested on a state charge and the warrant for the arrest

was issued on January 18, 1975, two days before Rose was released by federal authorities. The arresting officer testified that the warrants had been requested a week before that. Mere suspicion of a working arrangement does not justify reversal. *Tucker v. United States*, 375 F.2d 363, 370 (8th Cir.), *cert. denied*, 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189 (1967); *Young v. United States*, 344 F.2d 1006, 1008–1011 (8th Cir.), *cert. denied*, 382 U.S. 867, 86 S.Ct. 138, 15 L.Ed.2d 105 (1965). We agree with the trial judge's holding that at this point there has been no adequate showing of an illegal working relationship similar to the one condemned in *Anderson*. This holding, however, is subject to whatever further proof may be introduced on remand for the hearing on probable cause for the state arrest.

■ Rose also contends that his motion to suppress the January 22, 1975, confession should have been granted since the government failed to prove that the state had probable cause to arrest him. If Rose was illegally in custody because of an illegal arrest, suppression of his confession may be required under *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).[3]

■ Under both the fourth amendment to the Constitution of the United States and Article 1, § 15 of the Missouri Constitution of 1945, an arrest warrant may be issued only upon probable cause determined by a neutral and detached magistrate. *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436

---

1. At trial Rose denied making the confession.

2. In *Anderson v. United States*, 318 U.S. 350, 355–356, 63 S.Ct. 599, 87 L.Ed. 829 (1943) the Court held that a federal-state working arrangement could not be used to circumvent the requirement that an arrestee be taken before a magistrate without delay. *See McNabb v. United States*, 318 U.S. 332, 342–345, 63 S.Ct. 608, 87 L.Ed. 819 (1943). At oral argument Rose's counsel stated that there was no *McNabb* problem here. His argument seems to be that the federal authorities arranged for

Rose to be taken into state custody to preclude a motion by Rose under Fed.R.Crim.P. 48(b) for delay in indictment. Yet he so far has not shown any facts which suggest that such a motion would be successful.

3. We have no problem of retroactive application since *Brown v. Illinois* merely applied the established principles of *Wong Sun v. United States*, 371 U.S. 471, 485, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

(1948); *State v. Miller,* 329 Mo. 855, 46 S.W.2d 541, 542 (1932); *State v. Lock,* 302 Mo. 400, 259 S.W. 116, 123 (1924) (en banc). In order to allow him to exercise rational judgment on the question of whether probable cause exists to arrest a suspect, the underlying circumstances of the commission of the crime, the source of this information, and an indication of the reliability of that source should be furnished to the magistrate. *See Spinelli v. United States,* 393 U.S. 410, 416–418, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 114–116, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *State v. Allison,* 466 S.W.2d 712, 714 (Mo. 1971); *State v. Wing,* 455 S.W.2d 457, 460 (Mo.1970), *cert. denied,* 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971).

■ In this case the complaint upon which the warrant was issued simply states the conclusion of the prosecuting attorney of the county that Rose robbed the bank and the warrant merely repeats the language of the complaint.[4] The complaint alone does not set forth facts from which probable cause to arrest could be determined. *See Whiteley v. Warden,* 401 U.S. 560, 565, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Giordenello v. United States,* 357 U.S. 480, 485–486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *State v. Wing, supra,* 455 S.W.2d at 460; *State v. Lock, supra,* 259 S.W. at 121. The prosecutor's conclusion that an offense had been committed and Rose committed it would not justify issuance of a warrant, *Coolidge v. New Hampshire,* 403 U.S. 443, 450, 453, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State v. Lock, supra,* 259 S.W. at 123. On remand the testimony of the magistrate and the prosecuting attorney should be required in determining the validity of the warrant.

A preliminary examination before a state magistrate to determine probable cause was never held, although Rose was in Missouri custody from January 20 to January 24, 1975. *See* Mo.Ann.Stat. §§ 544.250, 544.270, 544.410; Mo.Sup. Ct.R. 23.02, 23.06, 23.08. Thus the record is barren of any evidence the Missouri authorities may have had against Rose which would have given them probable cause to make the arrest. If such probable cause is shown, it is possible the arrest could have been legally made, with or without the warrant. *See, e. g., Gillespie v. United States,* 368 F.2d 1, 4 (8th Cir. 1966); *Holloway v. Wolff,* 482 F.2d 110, 113 (8th Cir. 1973).

■ Defense counsel raised the issue of probable cause for the January 20 arrest in his written motion to suppress filed on March 17, 1975, and indicated at the hearing on the motion, held April 11, 1975, that he was challenging probable cause for the arrest. Most of the evidence elicited, however, went to the question of the illegal federal-state working agreement, discussed *supra.* The issue of probable cause was never explored at the hearing; defense counsel attempted to do so but the district judge did not allow him to question the sheriff

---

4. The material portion of the complaint states:

FELONY–COMPLAINT

THOMAS J. MARSHALL, Prosecuting Attorney in and for the County of Randolph, on behalf of the State of Missouri, upon official oath informs the Court as follows:

That CHARLES EDWARD ROSE, in the County of Randolph, State of Missouri, on or about the 10th day of January, 1975, did wilfully, unlawfully, and feloniously, by means of a certain dangerous and deadly weapon, a shotgun, take, steal and carry away $14,147.00 in lawful United States currency, the property of City Bank and Trust Company, a banking corporation, then and there in the lawful care and custody of Joe Henry Graves, Jill Watts, and Kathy Evans, by then and there putting the said Joe Henry Graves, Jill Watts, and Kathy Evans, each in fear of an immediate injury to his or her person, and then and there did feloniously rob, take, steal and carry away the said $14,147.00 from the person of, in the presence of and against the will of the said Joe Henry Graves, Jill Watts, and Kathy Evans with the felonious intent to permanently deprive the owner of the use thereof and to convert the same to his own use, contrary to Section 560.120, Revised Statutes of Missouri, in such case made and provided and against the peace and dignity of the State of Missouri.

/s/ Thomas J. Marshall
Thomas J. Marshall
Prosecuting Attorney

about the basis for the warrant. Since the defense was not permitted to inquire into probable cause for the January 20 arrest and the government did not see fit to introduce any evidence in this respect, the only basis for the arrest on the record is the warrant, apparently issued on the basis of the complaint. Under these circumstances we find it necessary to remand to the district court for a further hearing on probable cause for the January 20, 1975, arrest. *Turk v. United States,* 429 F.2d 1327, 1332 (8th Cir. 1970), *aff'd after remand sub nom. United States v. Wixom,* 460 F.2d 206 (8th Cir. 1972). If the arrest is found to be invalid, further inquiry into the voluntariness of Rose's confession, in light of *Brown v. Illinois, supra,* will be necessary. In the event the state complaint and warrant resulted solely from a federal request to counteract the deficiency in the proceedings in Kansas City, a different holding may be required on the issue of the alleged illegal working relationship.

The case is remanded for further proceedings consistent with this opinion.