UNITED STATES of America, Appellee,

v.

Jesse COLLINS, Appellant.

UNITED STATES of America, Appellee,

v.

Leon HAMMONDS, Appellant.

Nos. 76–1741 and 76–1766.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1977.

Decided March 28, 1977.

Rehearing Denied in No. 76–1741
May 5, 1977.

Stephen J. Murphy, Affton, Mo., for Collins.

Clifford Schwartz, Clayton, Mo., for Hammonds. Charles M. Shaw, Clayton, Mo., on brief.

Richard A. Heidenry, Asst. U. S. Atty., St. Louis, Mo., for appellee. Barry A. Short, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., on briefs.

Before HEANEY and STEPEHENSON, Circuit Judges, and STUART,* District Judge.

STUART, District Judge.

Jesse Collins and Leon Hammonds appeal from judgments of conviction, entered following a jury trial, of conspiracy to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Collins and Hammonds were charged in a four-count indictment. Count I charged both with conspiracy to distribute heroin from prior to October 15, 1975, until March 18, 1976, and Count II charged both with distribution of approximately 14.937 grams of heroin on October 15, 1975. Counts III and IV charged Hammonds with distribution of heroin on March 2 and 18, 1976, respectively.

Collins contends on appeal that there was insufficient evidence to sustain his conviction on Counts I and II. Both Collins and Hammond contend that the trial court's[1] instruction characterizing extrajudicial statements of appellants, which were introduced at trial, as confessions constituted prejudicial error. Appellant Hammonds asserts that there was insufficient evidence of his involvement in a conspiracy to warrant introduction into evidence of tape-recorded conversations between other alleged conspirators; that the trial court erred in permitting impeachment by a prior felony conviction when imposition of sentence had been suspended under Missouri law; and that the trial court erroneously instructed the jury on impeachment and reasonable doubt. We affirm the convictions on all issues raised on appeal.

The relevant evidence viewed in the light most favorable to the Government as the prevailing party, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942) follows. On several occasions, prior to October 15, 1975, James C. Lewis, an informant for the United States Drug Enforcement Agency, telephoned Collins attempting to establish contact with one Donnell Pickens. Subsequently, Lewis, Special Agent Ankton and Collins drove to a house

---

* The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

located at 7326 Midland View, St. Louis, Missouri. Eventually Pickens arrived and money and heroin were exchanged. Collins tested the heroin, received the money from Lewis and transferred it to Pickens. Collins was not, however, the one who purchased or sold heroin. On March 2, 1976, the federal agents bypassed Collins and dealt directly with Donnell Pickens. Upon receiving a quantity of money, Pickens obtained heroin from Hammonds and transferred it to the agents. A similar transaction took place between the agents, Pickens and Hammonds on March 18, 1976.

### Sufficiency of the Evidence—Collins— Count I

 Collins presents no serious challenge to the actual existence of a conspiracy; rather he asserts that although a conspiracy may have existed, the evidence is insufficient to establish that he was a part of it. In considering a challenge to the sufficiency of the evidence, this court must accept as established all reasonable inferences from the evidence that tend to support the jury's verdict. *United States v. Overshon,* 494 F.2d 894, 896 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). It is the general rule that the evidence need not "exclude every reasonable hypothesis except that of guilt but simply that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *United States v. Shahane,* 517 F.2d 1173, 1177 (8th Cir.), *cert. denied,* 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975). *See also United States v. Jackson,* 549 F.2d 517 (8th Cir., 1977). Mere association with those individuals engaged in the actual sale of heroin does not create an inference of guilt. *United States v. Hassell,* 547 F.2d 1048 (8th Cir., 1977); *United States v. Frol,* 518 F.2d 1134, 1137 (8th Cir. 1975); *United States v. Quintana,* 508 F.2d 867, 880 (7th Cir. 1975). Knowledge of the existence or acquiescence in a conspiracy does not serve to render one a part of the conspiracy. There must exist some element of affirmative cooperation or at least an agreement to cooperate. *United States v. Hassell, supra; United States v. Amato,* 495

F.2d 545, 550 (5th Cir.), *cert. denied,* 419 U.S. 1013, 95 S.Ct. 333, 42 L.Ed.2d 286 (1974); *Miller v. United States,* 382 F.2d 583, 587 (9th Cir. 1967), *cert. denied,* 390 U.S. 984, 88 S.Ct. 1108, 19 L.Ed.2d 1285, *rehearing denied,* 391 U.S. 971, 88 S.Ct. 2037, 20 L.Ed.2d 888 (1968). A particular individual's participation in a conspiracy may be established by evidence that otherwise seems slight. *United States v. Hassell, supra; United States v. Verdoorn,* 528 F.2d 103, 105 (8th Cir. 1976); *United States v. Baumgarten,* 517 F.2d 1020, 1026 (8th Cir.), *cert. denied,* 423 U.S. 878, 96 S.Ct. 152, 46 L.Ed.2d 111 (1975); *United States v. Overshon, supra.*

 We conclude that there was sufficient evidence to connect appellant Collins with the conspiracy. Collins secured the introduction of federal agents to Pickens, arranged and attended the meeting at which the sale took place, and was affirmatively involved in the transaction itself. There was clearly sufficient evidence for the jury to find Collins guilty of being involved in the conspiracy to distribute heroin. *See United States v. Kirk,* 534 F.2d 1262 (8th Cir. 1976).

### Sufficiency of the Evidence—Collins— Count II

 Collins next contends that because his only involvement with the actual transaction was as a conduit in the exchange of money and heroin, the evidence is insufficient to sustain his conviction of actual distribution under 21 U.S.C. § 841(a)(1). This argument is clearly without merit. Collins was not charged with the sale of a controlled substance. Rather, he was charged under the provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970 which makes it unlawful to knowingly and intentionally distribute heroin. According to the statutory definition "distribute" means "to deliver * * * a controlled substance." 21 U.S.C. § 802(11). Moreover, the statute defines "deliver" as the "actual, constructive or attempted transfer of a controlled substance, whether or not there exists an agency relationship."

21 U.S.C. § 802(8). Collins' actions, whether sufficient to support a conviction for the sale of heroin, are clearly within the scope of the statutory definition of distribution. The argument advanced by Collins in this respect has been rejected by every circuit which has considered it. *See United States v. Snow,* 537 F.2d 1166, 1169 (4th Cir. 1976); *United States v. Marquez,* 511 F.2d 62, 64 (10th Cir. 1975); *United States v. Oquendo,* 505 F.2d 1307, 1310 (5th Cir. 1975); *United States v. Pierce,* 162 U.S.App.D.C.170, 498 F.2d 712 (1974); *United States v. Pruitt,* 487 F.2d 1241 (8th Cir. 1973); *United States v. Hernandez,* 480 F.2d 1044 (9th Cir. 1973); *United States v. Masullo,* 489 F.2d 217 (2d Cir. 1973). As chief Judge Gibson observed:

> These prior concepts have been discarded in the Controlled Substances Act which contains no sale or buying requirement to support a conviction; there is now an offense of participation in the transaction viewed as a whole. \* \* \* Any individual who participates in any manner in the unauthorized distribution of such "controlled substances" is amenable to the Act and the sanctions provided therein.

*United States v. Pruitt, supra* at 1245. The contention in this regard is without merit.

### Instruction Concerning Extrajudicial Statements

■ Both Collins and Hammonds next assert that the trial court's instruction concerning certain extrajudicial statements made prior to trial was prejudicial. The instruction submitted provided in pertinent part:

> Evidence relating to any statement, or act or omission, claimed to have been made or done by a defendant outside of court, and after a crime has been committed, should always be considered with caution and weighed with great care; and all such evidence should be disregarded entirely, unless the evidence in the case convinces the jury beyond a reasonable doubt that the statement, or act or omission, was knowingly made or done.
>
> \* \* \* \* \* \*

If the evidence in the case does not convince beyond a reasonable doubt that a confession was made voluntarily and intentionally, you should disregard it entirely. On the other hand, if the evidence in the case does show beyond a reasonable doubt that a confession was in fact voluntarily and intentionally made by a defendant, you may consider it as evidence in the case against the defendant who voluntarily and intentionally made the confession.

Appellants do not dispute that certain inculpatory statements were made nor that they were properly admitted into evidence. They contend rather that characterizing the statements as confessions rather than as admissions invades the province of the jury and is prejudicial. However, it appears from the record that no objection was taken to any of the court's instructions until after the jury had retired to begin its deliberations. Consequently, any objection to the jury instructions was untimely. Fed.R. Crim.P. 30 provides in part:

> No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

Accordingly, the right to assign as error the instruction now attacked has been waived. *See Willis v. United States,* 530 F.2d 308, 311 (8th Cir. 1976); *United States v. Hinderman,* 528 F.2d 100, 102 (8th Cir. 1976); *United States v. Treatman,* 524 F.2d 320, 322 (8th Cir. 1975); *United States v. Freeman,* 514 F.2d 171, 174 (8th Cir. 1975). There was no plain error affecting substantial rights of the appellants.

### Tape-recorded Conversations—Hammonds

■ The evidence shows that Agent Ankton and Lewis met on March 2, 1976. Lewis was outfitted with a body transmitter known as a Kel recorder. Exhibit 2 is a recording of a conversation between Lewis, Ankton and Donnell Pickens received from such transmitter. Government's exhibit 3

is a tape-recording of a telephone conversation between Ankton and Pickens. Hammonds asserts that there was not sufficient evidence independent of these tape-recordings to establish that he was a part of the conspiracy to distribute heroin.

A statement by a coconspirator made during the course of and in furtherance of the conspiracy is not hearsay. *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). It is, rather, admissible as the admission of a party opponent. Fed.R.Evid. 801(d)(2)(E); *Glasser v. United States,* 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Williams,* 529 F.2d 557 (8th Cir. 1976), *cert. denied,* 426 U.S. 908, 96 S.Ct. 2232, 48 L.Ed.2d 834 (1976); *United States v. Buckhanon,* 505 F.2d 1079, 1084 (8th Cir. 1974); *United States v. Richardson,* 477 F.2d 1280, 1282–83 (8th Cir.), *cert. denied,* 414 U.S. 843, 94 S.Ct. 104, 38 L.Ed.2d 82 (1973). The evidence shows that on March 2, 1976, Ankton, Lewis and Pickens met with appellant Hammonds in the parking lot of a Burger Chef restaurant at De Valviere and Pershing. Pickens received $1,100 from the agents, entered the car driven by Hammonds and returned with a quantity of heroin. On March 18, 1976, Ankton and Special Agent Archie Luss again met with Pickens at the same Burger Chef parking lot. Pickens made a telephone call and upon the arrival of Hammonds received $2,050 from Luss, entered the Hammonds vehicle and returned with what was later analyzed as heroin.

From these facts we conclude that there was sufficient evidence to support the district court's ruling permitting the tape-recorded conversation into evidence. The fact that on March 2 and 18 Pickens was unable to deliver any heroin until contacting and meeting Hammonds is sufficient to establish Hammonds as part of the conspiracy to distribute heroin. Consequently there can be no question that the statements were admissible against him. *United States v. Amato, supra; Miller v. United States,* 382 F.2d 583, 587 (8th Cir. 1967), *cert. denied,* 390 U.S. 984, 88 S.Ct. 1108, 19 L.Ed.2d 1285 *rehearing denied,* 391 U.S. 971, 88 S.Ct. 2037, 20 L.Ed.2d 888 (1968).

### Suspended Sentence Used for Impeachment

■ Hammonds next contends that the trial court erred in allowing his testimony to be impeached, and instructing the jury on impeachment by the use of a prior felony conviction. He bases this argument on the fact that he had received a suspended sentence and under Missouri law a suspended sentence is not a final judgment of conviction. However, since Hammonds appeals a federal conviction we need not reach this question of interpretation of Missouri law. In a federal criminal prosecution federal standards are to be applied to determine the admissibility of evidence. *Wolfle v. United States,* 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617 (1934); *United States v. Dudek,* 530 F.2d 684, 689 (6th Cir. 1976). We think this issue is controlled by our recent decision in *United States v. Rose,* 526 F.2d 745 (8th Cir. 1975), *cert. denied,* 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976). In *Rose* at the time of trial the jury had returned a verdict against the witness Simmons but judgment had not been entered thereon. In discussing the use of this conviction we said:

> We find no significant difference between the jury's finding of guilt and the entry of judgment thereon as far as probative value for impeachment purposes. *United States v. Canaday,* 466 F.2d 1191, 1192 (9th Cir. 1972); *see United States v. Turner,* 497 F.2d 406, 407–408 (10th Cir. 1974).

*United States v. Rose, supra* at 747. *See also United States v. Bianco,* 419 F.Supp. 507, 509–510 (E.D.Pa.1976).

■ In addition we think this situation is substantially analogous to those cases in which a prior felony conviction was utilized in a subsequent trial when the conviction is pending appeal. In *United States v. Williams,* 484 F.2d 428 (8th Cir. 1973), this court undertook a full and comprehensive discussion concerning use of prior felony convictions, subsequently reversed on ap-

peal, for both establishing a substantive element of the offense of illegal possession of a firearm and as an impeachment tool. Relying on an opinion from the Ninth Circuit, *United States v. Liles,* 432 F.2d 18 (9th Cir. 1970), we said:

> The Ninth Circuit held that Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 "speaks only of conviction of a felony. It contains no requirement that the conviction be finally upheld on appeal." *Id.* at 20. It specifically held that Liles' possession of a gun "was unlawful for one of his status at the time he possessed it. It is not made lawful by the subsequent reversal of his conviction." *Id.* at 21. We agree with the rationale of this holding and apply it to this case. *See also DePugh v. United States,* 393 F.2d 367 (8th Cir. 1968).

In *Williams, supra,* the court went on to discuss the views of the various circuits concerning admissibility of a prior felony conviction which was pending on appeal. The District of Columbia will not allow such impeachment when an appeal of the conviction is pending. *See Fenwick v. United States,* 102 U.S.App.D.C. 212, 252 F.2d 124, 126 (1958). However, the majority of courts which have directly considered the issue allow the use of convictions for impeachment even though the case is on appeal. *See United States v. Shaver,* 511 F.2d 933, 934 (4th Cir. 1975); *United States v. Aloi,* 511 F.2d 585, 596–97 (2d Cir. 1975); *United States v. Franicevich,* 471 F.2d 427, 429 (5th Cir. 1973); *United States v. Empire Packing Co.,* 174 F.2d 16, 20 (7th Cir.), *cert. denied,* 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949). This circuit follows the majority view. *United States v. Rose, supra. See also Peterson v. United States,* 508 F.2d 1222, 1223 (8th Cir. 1975); Fed.R. Evid. 609(c). For the purposes asserted herein this court fails to find a distinction between a conviction whose finality is still pending during appeal or which has been reversed on appeal and a conviction which is final but upon which a suspended sentence was imposed. Appellant's contention in this regard is without merit.

Appellant also belatedly raises the fact that the prior felony was also an offense involving the possession of heroin. This fact is asserted to create such a prejudicial effect as to require reversal of the instant conviction. However, having determined that the prior conviction was properly admitted, it cannot be asserted that the fact that it involved heroin created prejudicial error.

### Other Instructions

■ Hammonds next challenges the jury instructions given on reasonable doubt and those containing reference to the existence of other conspirators who were not named in the indictment. As to the reasonable doubt instruction, the trial court instructed the jury as follows:

> It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly. Putting it another way, a reasonable doubt means a doubt based on reason and not the mere possibility of innocence.

This is precisely the instruction which we recently approved. *See United States v. Conley,* 523 F.2d 650, 655 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976). *See also United States v. Knight,* 547 F.2d 75 (8th Cir., 1976); *United States v. Kirk,* 534 F.2d 1262, 1279 (8th Cir. 1976); *United States v. Cole,* 453 F.2d 902, 906 (8th Cir.), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972). This court has repeatedly held that an instruction on reasonable doubt should be couched in terms of hesitation to act. This is the substance of the instruction given here and, accordingly, appellant's contention in this regard is without merit.

The final contention of appellant Hammonds is that the trial court erred in instructing the jury that he could be convict-

ed of a conspiracy with reference to other unnamed conspirators. The contention is also without merit. The record fully warrants the inference that other persons were involved. The instruction given was a standard instruction fully supported by the applicable law. *See Devitt and Blackmar, Federal Jury Practice and Instructions* § 29.11. *See also Rogers v. United States,* 340 U.S. 367, 375, 71 S.Ct. 438, 95 L.Ed. 344 (1951); *United States v. Sacco,* 436 F.2d 780, 783 (2d Cir. 1971); *United States v. Green,* 421 F.2d 1237 (2d Cir. 1970); *United States v. Fischetti,* 450 F.2d 34 (5th Cir. 1971).

Affirmed.