UNITED STATES of America, Appellee,

v.

**Ronald VANDERBOSCH, Appellant.**

**No. 322, Docket 79–1258.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1979.

Decided Nov. 30, 1979.

---

Jeremiah F. Donovan, Asst. U. S. Atty., New Haven, Conn. (Richard Blumenthal, U. S. Atty., D. Conn., Jay L. Hoffer, Law Student Intern, New Haven, Conn., of counsel), for appellee.

William F. Dow, III, New Haven, Conn. (Jacobs, Jacobs & Grudberg, P. C., New Haven, Conn., of counsel), for appellant.

Before LUMBARD, SMITH and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

Appellant Vanderbosch was one of six defendants indicted on various counts arising from a conspiracy to distribute cocaine and marijuana in Connecticut between August 1977 and May 1978. In February 1978 several of the defendants travelled to Florida, where they met Vanderbosch in a room at the Castaways Motel in Miami Beach.

From an adjacent room, undercover agents heard Vanderbosch agree to arrange for them the sale of a kilogram of cocaine. Appellant also stated that, if they were satisfied with the purchase, they could also buy marijuana through him. Vanderbosch then departed, presumably to procure the cocaine. The prospective buyers were all arrested before he could return to consummate the sale. All of the defendants were charged with conspiring unlawfully to distribute narcotics in violation of 21 U.S.C. § 846. All except Vanderbosch pleaded guilty to that charge and the remaining counts against them. Vanderbosch was tried alone solely on the conspiracy charge and was convicted by the jury. He asserts that the trial judge, Hon. T.F. Gilroy Daly, District of Connecticut, committed reversible error in two rulings on the admissibility of evidence. For the reasons stated below, we affirm.

Vanderbosch first assails the lower court's decision that, if he chose to testify, the Government would be permitted to impeach him with a six-week old jury verdict adjudging him guilty of an identical felony—conspiracy to distribute cocaine. That verdict, which was rendered by a federal jury on February 2, 1979 in the District of Vermont, had not been reduced to judgment nor had sentence been imposed.[1] Moreover, motions for a new trial and for acquittal were still *sub judice* before that court. Vanderbosch contends that there had been no final "conviction" within the meaning of Federal Rule of Evidence 609(a), which permits impeachment only by prior convictions.

That rule permits an attack on the credibility of a witness if there is evidence to show "that he has been convicted of a crime." [2] Whether a jury verdict of guilty

---

1. The appellant's trial below was conducted between March 26 and 29, 1979. He did not testify.

2. Fed.R.Evid. 609(a) provides:
   (a) GENERAL RULE. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

upon which judgment has not been entered qualifies as a "conviction" for impeachment purposes is a question not yet squarely addressed by this court. In urging that it does not so qualify, appellant principally relies upon this court's dictum in *United States v. Semensohn,* 421 F.2d 1206, 1208 (1970), to the effect that a "conviction does not become a final conviction until sentence has been imposed and until the time for an appeal from the judgment has expired." Although this language appears to support appellant's contention, a closer reading of *Semensohn* reveals that his reliance is misplaced.

The defendant in *Semensohn* was asked on cross-examination if he had been convicted of grand larceny, a felony. In fact, however, he had only pleaded guilty in a New York State court to attempted grand larceny in the third degree, a misdemeanor conviction which had no relationship to the draft evasion charge he was being tried for in the federal action. See *United States v. Kaufman,* 453 F.2d 306, 311 (2d Cir. 1971). Moreover, as the court pointed out, the plea "lacked the certainty and finality" to justify using it to impeach the defendant, since "he had not been sentenced and could have sought to withdraw his plea prior to sentencing." *Id.* at 1208.

A jury's finding of guilt, on the other hand, cannot be withdrawn by the defendant. Moreover, it is rarely overturned, and entry of judgment is usually "nothing more than a ministerial act." *United States v. Canaday,* 466 F.2d 1191, 1192 (9th Cir. 1972). A jury verdict thus contains the certainty and finality which the *Semensohn* court found lacking in a guilty plea. Judgment, as a procedural formality, has little effect on the probative value of the conviction for purposes of attacking credibility. *United States v. Rose,* 526 F.2d 745, 747 (8th Cir. 1975), cert. denied, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976).

We also note that the broad definition of a final conviction as enunciated in *Semensohn* has since been narrowed by the Feder-

al Rules of Evidence. The court's statement that a conviction does not become final until the time for appeal has expired was rejected by Rule 609(e), which permits use of a conviction for impeachment even though an appeal is pending, with a proviso that evidence of the pendency of the appeal is also admissible. See *United States v. Soles,* 482 F.2d 105 (2d Cir.), cert. denied, 414 U.S. 1027, 94 S.Ct. 455, 38 L.Ed.2d 319 (1973). The rationale of the rule proceeds from the "assumption of correctness which ought to attend judicial proceedings," 3 Weinstein's Evidence ¶ 609[06], at 609–88 (1978); see *United States v. Klein,* 560 F.2d 1236, 1241 (5th Cir. 1977), cert. denied, 434 U.S. 1073, 98 S.Ct. 1259, 55 L.Ed.2d 777 (1978), as well as the practical realization that most criminal convictions are affirmed. *United States v. Soles, supra,* 482 F.2d at 108.

Accordingly, we hold that a jury verdict of guilty prior to entry of judgment is admissible for impeachment purposes if it meets the other requirements of Fed.R. Evid. 609. In so deciding we follow several other circuits which have held that there is no distinction between a jury's finding of guilty and the entry of judgment for impeachment purposes. *United States v. Duncan,* 598 F.2d 839, 864–65 (4th Cir. 1979); *United States v. Klein,* 560 F.2d 1236, 1239–41 (5th Cir. 1977), cert. denied, 434 U.S. 1073, 98 S.Ct. 1259, 55 L.Ed.2d 777 (1978); *United States v. Rose,* 526 F.2d 745, 746–47 (8th Cir. 1975), cert. denied, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976); *United States v. Canaday,* 466 F.2d 1191, 1192 (9th Cir. 1972). As in the case of pending appeals, the defendant should be allowed to reveal to the jury the fact that judgment has not been entered as well as the pendency of motions for acquittal and for a new trial before the sentencing court.[3]

Appellant further contends that, even if the jury verdict qualifies as a conviction under Rule 609(a), the trial judge

---

**3.** Vanderbosch's motions for a new trial and a judgment of acquittal in the Vermont action were denied on April 16, 1979 and his appeal to this court is presently scheduled for argument.

◼

erred in failing to determine, as the rule also requires, that the probative value of admitting the evidence outweighed its prejudicial effect on the defendant. His argument is without merit. This circuit has repeatedly held that the defendant is required to show that the prejudicial effect outweighs probative value at the time the motion is made to suppress the prior conviction. *United States v. Manafzadeh,* 592 F.2d 81, 90–91 (2d Cir. 1979); *United States v. Reed,* 572 F.2d 412, 426–27 (2d Cir.), cert. denied sub nom. *Goldsmith v. United States,* 439 U.S. 913, 99 S.Ct. 283, 58 L.Ed.2d 259 (1978); *United States v. Costa,* 425 F.2d 950, 953–54 (2d Cir.), cert. denied, 398 U.S. 938, 90 S.Ct. 1843, 26 L.Ed.2d 272 (1970). Appellant failed to bring any such argument to the attention of Judge Daly below. He simply asked for a ruling on the question of the admissibility of a jury verdict not yet reduced to judgment. The judge was therefore not remiss in failing to make a *sua sponte* determination of an issue not raised.

◼ Appellant also argues that the district judge wrongly admitted the hearsay statements of the coconspirators because the Government did not succeed in proving by a preponderance of extrinsic evidence either the existence of a conspiracy or appellant's participation therein. *United States v. Lyles,* 593 F.2d 182, 194 (2d Cir.), cert. denied, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979). We have examined the non-hearsay evidence and conclude that the appellant's participation in the conspiracy was satisfactorily established by independent proof. Because the hearsay statements thus were properly admitted, appellant's argument that the evidence was in-

sufficient to support a conviction must also fail.

The judgment of conviction appealed from accordingly is affirmed.

LUMBARD, Circuit Judge (concurring):

I concur in affirming Vanderbosch's conviction.

There was no error in Judge Daly's ruling that the government would be permitted to bring out on its cross-examination of the defendant that he had recently been convicted by a federal jury in Vermont of an identical conspiracy to distribute cocaine. Rule 609(a) of the Federal Rules of Evidence [1] lays to rest any doubts which may arise from reading our opinion in *United States v. Semensohn,* 421 F.2d 1206 (1970), decided several years before the Rules of Evidence became effective in July, 1975.

Moreover, it is clear under Rule 609(e) that, although lack of finality in the conviction may be shown by the defendant, the pendency of an appeal does not render the evidence inadmissible. Consequently, nothing turns on whether the defendant was convicted after a trial or by his plea of guilty.

◼

---

1. Rule 609 provides, in pertinent part:

    (a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

    \* \* \* \* \* \*

    (e) *Pendency of Appeal.* The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.