UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald WASHINGTON,
Defendant-Appellant.

No. 1314, Docket 84–1008.

United States Court of Appeals,
Second Circuit.

Argued June 5, 1984.

Decided Sept. 25, 1984.

Jon O. Newman, Circuit Judge, concurred specially and filed opinion.

Henriette D. Hoffman, New York City (The Legal Aid Society, Federal Defender Services Unit, New York City, on brief), for defendant-appellant.

Kenneth Roth, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. for the Southern District of New York, Paul L. Shechtman, Asst. U.S. Atty., New York City, on brief), for plaintiff-appellee.

Before OAKES and NEWMAN, Circuit Judges, and MISHLER, District Judge.*

MISHLER, District Judge:

Donald Washington appeals from his conviction, after a jury trial, on two counts of bank robbery. He was sentenced by the court to six years imprisonment. He contends that the trial judge erred in ruling a prior robbery conviction admissible for impeachment purposes pursuant to Fed.R. Evid. 609.

Appellant was tried before Judge Sand and a jury on August 15–18, 1983 for the robbery of the Westchester Federal Savings Bank on April 2, 1983. At the beginning of the trial, Washington advised the

* Honorable Jacob Mishler, United States District Judge, Eastern District of New York, sitting by designation.

court that he had prior convictions for bank robbery and larceny. He moved for a ruling *in limine* precluding the government from cross-examining him on the robbery conviction. He argued that the prejudicial effect of admitting the conviction outweighed its probative value.

Judge Sand rejected the argument and ruled that inquiry into the prior robbery was proper. He ruled that since the robbery fell within the ten year period stated in Fed.R.Evid. 609(a) and since Washington had conceded that his more recent larceny conviction was admissible, there were no "compelling circumstances" requiring exclusion. Defendant claims he chose not to testify in his own defense because of the trial judge's ruling on the admissibility of proof of the prior robbery conviction. He offered an alibi defense through the testimony of his eighteen-year old daughter.

## DISCUSSION

Rule 609 of the Federal Rules of Evidence provides:

(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(b) *Time Limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Defendant had been convicted on a prior robbery charge on August 22, 1972. He was released from prison on August 22, 1973. The trial appealed from took place on August 15–18, 1983. Defendant argues that the age of his prior conviction, although within the ten year limit imposed by the rule, reduced its probative value. In addition, the fact that the prior conviction was for a crime very similar to the one on trial made its introduction highly prejudicial. The prosecution takes the position that the prior conviction bears directly on defendant's credibility and is admissible under the rule.

At oral argument the question was raised whether the trial court's ruling was reviewable by this court since defendant did not testify. The Circuits have split on this issue.[1] The Second Circuit has not

---

1. The First, Third, Fifth, Ninth and Tenth Circuits have discussed this issue and found that *in limine* rulings on admissibility are reviewable even if defendant has not testified. *See United States v. Kiendra,* 663 F.2d 349, 352 (1st Cir. 1981); *United States v. Provenzano,* 620 F.2d 985, 1002 n. 22 (3d Cir.), *cert. denied,* 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Toney,* 615 F.2d 277, 279 (5th Cir.), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980); *United States v. Cook,* 608 F.2d 1175, 1183–86 (9th Cir.1979), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980); *United States v. Halbert,* 668 F.2d 489, 493–94 (10th Cir.), *cert. denied,* 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982).

The Second, Fourth, Seventh and D.C. Circuits have reached the merits of appeals on issues of admissibility when defendant has not testified without explicitly finding the issue reviewable. *See United States v. Vanderbosch,* 610 F.2d 95 (2d Cir.1979); *United States v. Cavender,* 578 F.2d 528 (4th Cir.1978); *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646 (1976); *United States v. Lipscomb,* 702 F.2d 1049, 1069 (D.C.Cir.1983) (en banc).

expressly discussed the issue but it has reached the merits in cases in which defendant elected not to testify, thereby implying that the ruling is reviewable on appeal. *United States v. Vanderbosch*, 610 F.2d 95 (2d Cir.1979); *United States v. Hayes*, 553 F.2d 824 (2d Cir.), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977). *See also United States v. Figueroa*, 618 F.2d 934 (2d Cir.1980). The issue is now before the United States Supreme Court.[2] We turn to the merits.

Defendant's defense was based on a theory of mistaken identity and on his alibi that he was with his children during the time the bank robbery took place. He claims the alibi defense was presented by his eighteen-year-old daughter because he chose not to take the witness stand and testify in his own defense in light of the ruling. He argues that his daughter was not a very effective witness and therefore the judge's ruling prevented him from presenting his best defense to the jury.

■ Defendant failed to inform the trial judge of the substance of his testimony with a degree of precision sufficient to allow the trial judge to balance the probative value of the testimony against the prejudicial effect of the conviction. Without adequate notification of what defendant's testimony will reveal, the trial judge cannot "compare the relevance of the prior conviction to credibility with the importance to [defendant's] defense of having him testify free from the prejudice which might be created by reference to it." *United States v. Costa*, 425 F.2d 950, 954 (2d Cir.1969), *cert. denied*, 398 U.S. 938, 90 S.Ct. 1843, 26 L.Ed.2d 272 (1970). We adopt the procedure outlined by the Ninth Circuit Court of Appeals in *United States v. Cook*, 608 F.2d 1175 (9th Cir.1979), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980). "[T]o preserve the issue for review, a defendant must at least,

by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609. The trial court can then articulate its reason for ruling as it does in each case." *Id.* at 1186.

Defendant argues that although his conviction falls technically within the ten year period generally believed to be probative of credibility, it is nonetheless quite remote and of little probative value. The age of a prior conviction does reflect somewhat on its value as an index of defendant's current credibility. *United States v. Figueroa*, *supra* at 942. However, Fed.R.Evid. 609(a) clearly states that a felony conviction less than ten years old is probative of credibility and is admissible for impeachment purposes if the probative value outweighs the prejudicial effect to the defendant. We do not take any position on the wisdom or accuracy of this particular "bright line" but we are bound by the period fixed in the rule.

Defendant has conceded the admissibility of his prior larceny conviction. The rule does not limit the number of prior convictions the prosecution may offer. Nor does it deny the prosecution the use of an older conviction because a more recent one may be enough to show that a defendant's testimony is incredible.

■ The function of determining whether the probative value of defendant's testimony outweighs the prejudicial effect of his prior conviction or convictions is explicitly left to the discretion of the trial judge. Fed.R.Evid. 609(a). *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2014, 72

The Sixth Circuit has taken the position that a preliminary ruling on admissibility of defendant's prior convictions for impeachment purposes is not reviewable on appeal when defendant does not testify. *United States v. Luce*, 713 F.2d 1236, 1240–42 (6th Cir.1983), *cert. granted*,

— U.S. —, 104 S.Ct. 1677, 80 L.Ed.2d 152 (1984).

**2.** *United States v. Luce*, 713 F.2d 1236 (6th Cir. 1983), *cert. granted*, — U.S. —, 104 S.Ct. 1677, 80 L.Ed.2d 152 (1984).

L.Ed.2d 469 (1982); *United States v. Hawley*, 554 F.2d 50, 52–53 (2d Cir.1977).

Since the ruling was requested at the beginning of the trial, the trial judge could not weigh the effect of the admissibility of the prior convictions in light of the government's case. The evidence of guilt was overwhelming. The trial judge did not abuse his discretion in ruling defendant's prior robbery conviction admissible for impeachment purposes and we affirm the conviction.

JON O. NEWMAN, Circuit Judge, concurring:

I see no justification and considerable danger in impeaching a defendant's credibility with a prior conviction for the same type of offense as the one on trial when the prosecutor already has available for impeachment another conviction for a different type of offense. In Washington's trial for bank robbery, it would have been entirely appropriate to impeach his credibility, if he had testified, with his prior conviction for larceny. Not content to rely on that substantial attack on credibility, the prosecutor offered and the District Judge indicated a willingness to accept evidence of a prior bank robbery conviction, ostensibly only for purposes of impeachment.

Once credibility is impeached by a prior felony conviction, the incremental probative force of a second conviction is minimal. Yet the prejudicial effect is substantial when the second conviction is for the same type of offense as the pending charge. We expect a great deal of juries when we instruct them to consider any conviction only for impeachment of credibility and not as evidence of a propensity to commit crime. However dubious our faith in the jury's ability to make that distinction in most cases, there is really no excuse for pushing the matter to the breaking point by admitting a prior conviction for the same type of offense being tried once credibility has already been adequately impeached by another conviction. A juror might well wonder what purpose the prior bank robbery conviction should serve except as evidence that the defendant robs banks; the juror already would know from the larceny conviction that the defendant's veracity is subject to challenge.

We have previously upheld a District Judge's exercise of discretion in somewhat similar circumstances, *see United States v. Oliver*, 626 F.2d 254, 264 (2d Cir.1980); *see also United States v. Oaxaca*, 569 F.2d 518, 526–27 (9th Cir.), *cert. denied*, 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978), and thereby consigned the matter to the virtually unreviewable discretion of the trial judge under Rules 609(a)(1) and 403 of the Federal Rules of Evidence. Especially in this case, where the defendant made no adequate offer of proof as to the substance of his testimony,[1] I agree that no basis has been shown to reverse the conviction.[2]

---

1. An offer of proof has been thought useful to assist the trial judge in exercising discretion in giving an advance ruling as to whether a prior conviction will be admitted for impeachment in the event the defendant testifies. *See United States v. Costa*, 425 F.2d 950, 954 (2d Cir.1969), *cert. denied*, 398 U.S. 938, 90 S.Ct. 1843, 26 L.Ed.2d 272 (1970); *United States v. Cacchillo*, 416 F.2d 231, 234 (2d Cir.1969); *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). One might think that the exercise of discretion under Rules 609(a)(1) and 403 ought to be confined to weighing the probative value of the prior conviction as impeachment of credibility versus its prejudicial value as evidence of bad character. Under this view, the significance of the testimony the defendant would have given but did not because of an adverse evidentiary ruling would be weighed only by the reviewing court in deciding whether the ruling to permit impeachment, if erroneous, was sufficiently prejudicial to affect a substantive right of the defendant within the meaning of Fed.R.Evid. 103(a). *See United States v. Cook*, 608 F.2d 1175, 1193, 1196–97 (9th Cir. 1979) (in banc) (Hufstedler, J., with whom Ely, J., joins, dissenting in part), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980).

2. I have some doubt whether the denial of a motion to exclude impeaching convictions is reviewable in a case such as this where the defendant does not testify. But, in anticipation of the Supreme Court's resolution of that issue, *Luce v. United States*, —— U.S. ——, 104 S.Ct. 1677, 80 L.Ed.2d 152 (1984) (granting writ of certiorari in *United States v. Luce*, 713 F.2d 1236 (6th Cir.1983)), I accept the prior practice of our Circuit. *United States v. Vanderbosch*, 610 F.2d

However, the issue is well worth the careful attention of trial judges, whose exercise of discretion in considering a second and similar prior conviction ought to be guided by extreme caution.

95 (2d Cir.1979); *United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 98
S.Ct. 204, 54 L.Ed.2d 143 (1977).