■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAMON SUSANOL, Respondent. [714 NYS2d 464] —Order, Supreme Court, New York County (Herbert Altman, J.), entered on or about May 13, 1999, which granted defendant's motion to dismiss the indictment to the extent of dismissing the first count charging him with criminal possession of a controlled substance in the third degree, unanimously reversed, the motion denied, the count reinstated and the matter remanded for further proceedings.

Sergeant Joseph Kenny testified before the Grand Jury that he and two other officers responded to a report of drug selling in the lobby of 512 West 158th Street, a fact which was admitted into evidence to explain the subsequent police action. As Kenny entered a vestibule door, he saw defendant disappear into an alcove area and heard a mailbox close. No other persons were present. Kenny, who had participated in over 200 narcotics arrests, testified that drug sellers commonly stood in building lobbies, in which they maintained mailboxes, without personally possessing drugs; rather, the drugs for sale were stashed in the nearby mailboxes. When defendant started to walk away from the officers, Kenny asked him to stop. Defendant then threw a mailbox key to the ground and tried pushing his way past Kenny. When Kenny asked defendant if he resided in the building, he answered no, and that he did not know what he was doing there. Kenny's partner recovered the key, and found that it fit only one mailbox, which contained a glassine bag with 1/8 ounce and 38.3 grains of cocaine, and a tinfoil packet with 8.5 grains of cocaine. Defendant was arrested and $188 was recovered from his person. In dismissing the first count, the court concluded that the evidence was not legally sufficient to establish defendant's intent to sell the cocaine, an element of criminal possession in the third degree (Penal Law § 220.16 [1]).

This issue should have been submitted to the petit jury at trial. A court in entertaining a dismissal motion on the basis of Grand Jury evidence "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Swamp*, 84 NY2d 725, 730). The court "may neither resolve

factual questions in anticipation of the task properly left for trial * * * nor usurp the role of the Grand Jury by substituting its own inferences for those the Grand Jury has drawn" (*People v Ballou*, 121 AD2d 861, 862, *lv denied* 68 NY2d 809) and "[t]hat other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Deegan*, 69 NY2d 976, 979; *People v Matos*, 195 AD2d 287, *lv denied* 82 NY2d 756). The circumstantial evidence adequately established the element of intent for these purposes. Defendant used a mailbox in that lobby as a stash, the key to which he discarded as he tried to evade police inquiry. The jury could rationally infer an intent to sell from the quantity, stashed nearby in such a quasi-public location, from the manner in which it was stored, divided between a main stash and a foil packet ready for sale, and from the recovery of a large sum of cash from defendant (*People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937; *cf.*, *People v Martinez*, 228 AD2d 185). We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.