**UNITED STATES of America,**

v.

**Bernard THOMAS, Defendant.**

**16-CR-147 (WFK)**

United States District Court,
E.D. New York.

Signed October 7, 2016

Lindsay K. Gerdes, Erin Argo, U.S. Attorney's Office, Alicia Nicole Washington, Andrey Spektor, U.S. Attorney's Office, Eastern District of New York, Brooklyn, NY, for United States of America.

Mildred M. Whalen, Michael K. Schneider, Federal Defenders of New York, Inc., Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER

WILLIAM F. KUNTZ, II, United States District Judge:

On September 9, 2016, Bernard Thomas ("Defendant") was charged by a Superseding Indictment with one count of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 4, 2016, the Court held a hearing on Defendant's notice of intent to call an expert witness and the Government's motions *in limine.* The Court hereby DENIES Defendant's intent to call an expert witness, and GRANTS-IN-PART and DENIES-IN-PART the Government's motions *in limine.*

## BACKGROUND

On September 9, 2016, Defendant was charged by a Superseding Indictment with one count of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 79 ("Superseding Indictment"). On September 22, 2016, Defendant was arraigned before Chief Magistrate Judge Mann and pleaded Not Guilty to the Superseding Indictment. ECF No. 82.

Defendant was previously indicted and tried before a jury. Judge Korman presided over Defendant's first trial, which began on July 28, 2016. ECF Nos. 62, 63, 64. The jury was unable to reach a unanimous verdict after deliberating for two days. ECF No. 65, 66. On August 3, 2016, Judge Korman declared a mistrial. ECF No. 66. On August 17, 2016, the case was reassigned to this Court. ECF Entry Dated August 17, 2016. Trial is scheduled to begin on October 11, 2016. ECF Entry Dated August 19, 2016.

On September 19, 2016, Defendant filed a notice of intent to call Dr. Brian Cutler as an expert witness. ECF No. 81 ("Not."). At the October 4, 2016 conference before the Court, the Government stated its intention to file a motion *in limine* requesting preclusion of Dr. Cutler's testimony.

On September 26, 2016, the Government filed motions *in limine,* requesting the Court: (1) preclude Defendant from asserting a public authority defense; (2) admit evidence relating to a February 29, 2016 shooting in Queens, New York; (3) preclude Defendant from referring to the prior trial, but permit Defendant to reference a "prior proceeding"; and (4) admit evidence of Defendant's prior convictions under Federal Rules of Evidence 404(b) and by cross examination of Defendant should he testify under Rule 609. ECF No. 85 ("Mot."). On September 30, 2016, Defen-

dant filed a memorandum in opposition to the Government's motions *in limine*. ECF No. 87 ("Opp.").

For the following reasons, the Court DENIES Defendant's request to call an 'expert witness, and GRANTS-IN-PART and DENIES-IN-PART the Government's motions *in limine*.

## DISCUSSION

### I. Defendant's Motion to Call an Expert Witness

█ Defendant seeks to call Dr. Brian Cutler as an expert witness "in the field of interrogation and false confessions." Not. at 1. According to Defendant's notice of intent to call an expert witness, Dr. Cutler would testify on: (1) "specific interrogation techniques and the relation of those techniques to false statements made by those interrogated" and (2) "the guilt-presumptive nature of the interrogation and the use of persuasion and coercion to attempt to obtain an admission of guilt." *Id.*

█ The decision to admit or to exclude expert testimony falls squarely within the discretion of the trial court. *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) ("A decision to exclude expert testimony rests soundly with the discretion of the trial court and shall be sustained unless manifestly erroneous." (internal citation and quotation marks omitted)). Under Federal Rule of Evidence 702, the Court must determine whether the proposed expert witness is qualified based on the following factors:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (holding the Court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable").

█ Here, the Court finds Dr. Cutler's proposed testimony is within the common knowledge of the trier of fact. An expert must demonstrate "knowledge, skill, experience, training, or education" that will help the factfinder. Fed. R. Evid. 702. Expert witnesses are unnecessary when the factfinder is "as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training." *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). Dr. Cutler's proposed testimony about the relationship between interrogation techniques and false statements and the guilt-presumptive nature of the interrogation is within the common knowledge of the factfinder. The jury is competent to take into consideration the effects of interrogation without the aid of an expert.

In addition, the Court finds Dr. Cutler's proposed testimony would supplant his opinion for that of the factfinder. If Dr. Cutler were permitted to testify about the relationship between interrogation techniques and false statements and the guilt-presumptive nature of the interrogation, he would substitute his opinion as to the credibility and testimony of the witnesses in place of the jury's. As such, Dr. Cutler's testimony is inappropriate expert testimony because it would usurp the jury's role. *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (holding expert wit-

nesses "act[ ] outside of [their] limited role" when they "attempt[ ] to substitute [their] judgment for the jury's").

The exclusion of Dr. Cutler's testimony does not leave Defendant without protection. Cross-examination of witnesses is sufficient to achieve the same effect as the proposed testimony of Dr. Cutler. *See Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested."); *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (describing cross-examination as the "greatest legal engine ever invented for the discovery of truth").

Accordingly, the Court DENIES Defendant's request to call Dr. Cutler as an expert witness.

## II. Government's Motions *in Limine*

The Court addresses each of the Government's four motions *in limine* in turn.

### A. Public Authority Defense

■ First, the Government moves the Court to preclude Defendant from asserting a "public authority" defense.

■ The Second Circuit recognizes two variants of the public authority defense. The first, which is known as the "actual public authority" defense, exists "where a defendant has in fact been authorized by the government to engage in what would otherwise be illegal activity." *United States v. Giffen*, 473 F.3d 30, 39 (2d Cir.2006). The actual public authority defense "depends on the fact of governmental authorization, which renders otherwise illegal conduct lawful." *Id.* at 39 n.8. The authorizing agent must have "actual authority" to permit the defendant to engage in the otherwise illegal conduct, and determining whether the otherwise illegal behavior was actually authorized "necessarily

depends, at least in part, on precisely what was said in the exchange." *Id.* at 39.

■ The second form of the public authority defense is known as "entrapment by estoppel." *Id.* This defense exists "where the government procured the defendant's commission of the illegal acts by leading him to reasonably believe he was authorized to commit them." *Id.* The entrapment by estoppel defense requires showing "the government, by its own actions, induced [the defendant] to do those acts and led him to rely reasonably on his belief that his actions would be lawful by reason of the government's *seeming* authorization." *Id.* at 41.

■ The Second Circuit has warned courts to exercise "great caution" when allowing the public authority defense. *United States v. Abcasis*, 45 F.3d 39, 44–45 (2d Cir.1995). The defendant may present a public authority defense to the jury, however, upon a showing of a *prima facie* case of reasonable reliance on public authority. *Id.* at 44. Specifically, the defendant must show "some foundation in proof" that the otherwise illegal conduct was carried out on the actual or apparent authority of a government official. *United States v. Hurtado*, 47 F.3d 577, 584–85 (2d Cir. 1995) (quoting *United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990)).

The Government argues Defendant's public authority defense is unavailable and legally insufficient "because there is no evidence that any government agent ever implicitly or explicitly authorized [Defendant], a felon, to possess ammunition or to shoot another person." Mot. at 6. Rather, the Government asserts, the record shows Defendant admitted to taking possession of the ammunition under his own volition and without any contact or authorization from government officials. *Id.* at 6–8. In response, Defendant points to evidence

from the first trial, which shows that Defendant was permitted to possess drugs and give information about weapons as part of his duties as a government informant, in support of its assertion of the public authority defense. Opp. at 7-8.

The Court finds Defendant has shown "some foundation in proof" to assert the public authority defense. Evidence at the first trial showed that Detective Ralph Rezza asked Defendant to bring the ammunition to the police and that, as a government informant, Defendant was permitted to possess drugs and give information to the NYPD about weapons as part of his assignments. In permitting the public authority defense, this Court's decision is in line with several Second Circuit cases. *See, e.g., Abcasis*, 45 F.3d at 44–45 (remanding for a new trial when the district court instructed a jury on actual authority, but not entrapment by estoppel); *United States v. Mergen*, 06–CR–352, 2010 WL 395974, at *4 (E.D.N.Y. Feb. 3, 2010) (Garaufis, J), *rev 'd on other grounds*, 764 F.3d 199 (2d Cir. 2014) (denying the government's motion to preclude the public authority defense because the defendant provided a sufficient basis to permit Defendant to present evidence to the jury).

Accordingly, the Court DENIES the Government's motion to preclude Defendant from asserting the public authority defense.

### B. February 29, 2016 Shooting and NYPD Investigation

 Second, the Government seeks admission of evidence regarding Defendant's involvement in and the New York Police Department's ("NYPD") investigation of a February 29, 2016 shooting in Queens, New York.

In support of its motion, the Government cites Federal Rule of Evidence 404(b), which permits the introduction of evidence of a crime, wrong, or other act

for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Mot. at 8 (quoting Fed. R. Evid. 404(b)). The Government also cites to Second Circuit authority holding evidence is admissible under Rule 404(b) "if the conduct arose out of the same transactions or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *Id.* (citing *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)).

The Government argues Defendant's involvement in the February 29, 2016 shooting and the NYPD's subsequent investigation is "inextricably intertwined" with the felon in possession of ammunition charge, because this evidence provides "crucial background evidence that [gives] coherence to the basic sequence of events that occurred on the [day] of [the charged crime]." *Id.* at 9 (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)). The Government further asserts the evidence is central to identifying Defendant as the shooter, thereby demonstrating how Defendant came into possession of the ammunition with which he is charged. *Id.*

Because the Court has permitted Defendant to assert a public authority defense, Defendant does not oppose the introduction of evidence of the February 29, 2016 shooting. This Court finds that the evidence relating to the shooting and NYPD investigation is inextricably intertwined with the felon in possession of ammunition charge, and will provide crucial background information to the jury about events that occurred the day of the charged crime.

Accordingly, the Court GRANTS the Government's motion to admit evidence re-

garding Defendant's involvement in and the NYPD investigation of the February 29, 2016 shooting.

### C. Reference to Prior Trial

■ Third, the Government moves to preclude Defendant from referring to Defendant's first trial before Judge Korman as a "prior trial." The Government requests the parties be allowed to refer to only a "prior proceeding."

The Government argues any evidence of Defendant's prior trial is inadmissible hearsay, and, because Defendant's first trial did not end in a conviction, the hearsay exception related to prior trials is inapplicable here. Mot. at 10 (citing Fed. R. Evid. 803(22)). The Government further argues the occurrence of a first trial is irrelevant to this second trial, and any mention of the prior trial will confuse the jury and unfairly prejudice the Government. *Id.*

Defendant agrees to refer to the first trial as a "prior proceeding," but requests the right to bring the first trial to the jury's attention in the event the Government presents arguments inconsistent with its theory at the first trial. Opp. at 11-12 (citing *United States v. GAF Corp.*, 928 F.2d 1253, 1257–58 (2d Cir. 1991)).

The Court finds any reference to a "prior trial" inappropriate because it is inadmissible hearsay, irrelevant to this trial, and will potentially confuse the jury. The parties may not mention the "prior trial"; any reference to the trial before Judge Korman must be to a "prior proceeding," a term broad enough to encompass a deposition, hearing, or trial.

Accordingly, the Court GRANTS the Government's motion that Defendant's first trial solely be referred to as a "prior proceeding."

### D. Defendant's Prior Convictions

Fourth, the Government moves to admit evidence of Defendant's prior convictions for the purposes of proving his knowledge, intent, and absence of mistake or accident under Federal Rule of Evidence 404(b) and rebutting Defendant's public authority defense. The Government also moves for permission, pursuant to Rule 609, to cross-examine Defendant on his prior convictions should he testify.

The Government seeks to introduce evidence of Defendant's convictions for robbery, assault, reckless endangerment, menacing, and criminal contempt. Mot. at 11-22. On February 10, 1999, a jury convicted Defendant on two counts of robbery in the first degree, one count of assault in the first degree, and one count of reckless endangerment in the first degree. *Id.* at 11. Defendant was sentenced to three concurrent sixteen-year imprisonment sentences for his robbery and assault charges and to forty-two months to seven years of imprisonment for his reckless endangerment conviction. *Id.* at 11–12. Defendant was released from prison on January 22, 2014. *Id.* at 12. On October 10, 2014, Defendant pleaded guilty to menacing in the third degree and criminal contempt in the second degree, resulting in conditional discharge and a sixty-day order of protection. *Id.* at 12.

#### 1. Admissibility Under Federal Rule of Evidence 404(b)

■ The Government seek introduction of Defendant's 1999 and 2014 convictions under Federal Rule of Evidence 404(b). The Government argues the 1999 convictions involving the possession of firearms are admissible under Federal Rule of Evidence 404(b) to rebut the public authority defense. These prior convictions, the Government argues, are probative of Defendant's knowledge, intent, lack of mistake, and lack of good-faith belief that the Government granted him authority to possess ammunition. The Government claims

the probative value of these convictions outweighs the risk of prejudice they present because Defendant has already stipulated to committing a prior felony. *Id.* at 14–15 (citing *United States v. Williams*, 526 Fed.Appx. 29 (2d Cir. 2013) (summary order), in which the Court allowed evidence of the defendant's 1997 assault conviction in a felon in possession case under Rule 404(b)). The Government also argues the 2014 convictions are admissible under Rule 404(b) because Defendant committed these crimes while acting as a government informant, and these crimes are less serious than the charged crime in this action. *Id.* at 15–16 (citing *United States v. Megen*, 06–CR–352, 2010 WL 1423245, at *1–2 (E.D.N.Y. Apr. 9, 2010) (Garaufis, J.), which held that crimes committed while working with law enforcement are admissible to rebut the public authority defense).

In response, Defendant argues the Government does not seek to introduce the 1999 convictions for a proper purpose under Rule 404(b), but rather seeks to present Defendant as the shooter in the 2016 incident. Opp. at 14–18. Defendant also argues the 2014 convictions are not admissible under Rule 404(b) because the convictions occurred before Defendant began working at the 114th precinct as an informant, do not demonstrate the NYPD knew or approved of these actions, and are unrelated to the charged crime. *Id.* at 18–19.

The Court finds the previous convictions fail to comport with Rule 404(b). Defendant's 1999 and 2014 convictions do not evidence motive, opportunity, intent, preparation, plan, identity, absence of mistake, or lack of accident by Defendant, and the prejudicial effect of admitting these convictions during the Government's case-in-chief outweighs its probative value. These convictions occurred well before the conviction in the instant case and carry little relevance to the current charge. These

convictions do not bear on Defendant's understanding that possessing ammunition to turn over to the NYPD was not within the scope of his duties and authorization as an information. In contrast, the prejudicial effect of these prior convictions—particularly those involving shootings—is great.

Accordingly, the Court DENIES the Government's motion to admit evidence of Defendant's prior convictions under Rule 404(b).

## 2. Admissibility Under Federal Rule of Evidence 609

The Government also argues the 1999 and 2014 convictions should be admitted for impeachment purposes under Rule 609. Mot. at 16–22. Rule 609 provides that evidence of prior criminal convictions is admissible to impeach a witness' character for truthfulness in two instances: (1) when the crime involves "a dishonest act or false statement" or (2) when the probative value of admitting the evidence outweighs the prejudicial effect to the defendant, and the crime is punishable by more than one year of imprisonment. Fed. R. Evid. 609. Where the evidence falls within the second category, courts consider the following five factors to determine admissibility: (1) the impeachment value of the crime; (2) the date of the conviction and the defendant's subsequent history; (3) the degree of similarity between the past crime and the charged crime; (4) the centrality of the credibility issue; and (5) the importance of the defendant's testimony. *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977); *United States v. Brown*, 606 F.Supp.2d 306, 311–12 (E.D.N.Y. 2009) (Matsumoto, J.). Courts have "wide discretion in assessing the probative value and prejudicial impact of a prior conviction." *United States v. Jenkins*, 02–CR–1384, 2003 WL 21047761, at *2 (S.D.N.Y. May 8, 2003) (Casey, J.).

The Court finds, on balance, the factors weigh in favor of admitting evidence of these past convictions for impeachment purposes under Rule 609. First, the impeachment value of Defendant's prior convictions is high. Rule 609(a) "presumes that all felonies," like the prior convictions at issue here, "are at least somewhat probative of a witness' propensity to testify truthfully," and courts in the Second Circuit have held crimes involving theft, robbery, and burglary particularly probative of veracity because they rest on dishonest conduct. Fed. R. Evid. 609(a); *United States v. Estrada*, 430 F.3d 606, 617–18 (2d Cir. 2005); *United States v. Hawley*, 554 F.2d 50, 53 (2d Cir. 1977); *United States v. White*, 08–CR–682, 2009 WL 4730234, at *4 (E.D.N.Y. Dec. 4, 2009) (Garaufis, J.). Second, the age of Defendant's convictions, and of Defendant's subsequent criminal history, weighs in favor of admission. Rule 609 applies to convictions that are less than ten years old, or when fewer than ten years have lapsed since the defendant's release from custody. Fed. R. Evid. 609(b). Although Defendant's 1999 convictions occurred over ten years ago, Defendant's sentences of imprisonment ended only two years ago. Defendant also has been convicted twice in the two years following his release.

The third factor weighs against admission of the convictions, because Defendant's robbery convictions are similar to the instant offense. *See Old Chief v. United States*, 519 U.S. 172, 185, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("[W]here a prior conviction was for ... one similar to other charges in a pending case the risk of unfair prejudice would be ·especially obvious."). Courts have nevertheless admitted prior similar convictions for impeachment testimony in certain instances. *See, e.g.*, *White*, 2009 WL 4730234, at *4 (admitting, in a felon in possession of a firearm case, the name of the offense, the date, and the

sentence of previous robbery conviction for impeachment purposes). The fourth and fifth factors strongly weigh in favor of admission. If Defendant testifies, his testimony would likely contradict the testimony of the Government's witnesses; in such a circumstance, evidence of Defendant's prior convictions would be highly probative for the jury to determine his veracity and credibility. Finally, the prejudicial effect of Defendant's convictions and sentences does not outweigh their probative value. These past convictions serve solely for impeachment purposes and any prejudice will be minimal because the jury will already be aware of Defendant's prior felonies by stipulation and the Court will issue a limiting instruction. On balance, the Court finds the relevant factors weigh in favor of admitting Defendant's prior convictions as impeachment evidence should Defendant testify.

Accordingly, the Court GRANTS the Government's motion to admit evidence under Rule 609 of Defendant's prior convictions by cross examination of Defendant should he testify.

## CONCLUSION

The Court DENIES Defendant's request for an expert witness, ECF No. 81, and GRANTS-IN-PART and DENIES-IN-PART the Government's motions *in limine*, ECF No. 85. Specifically, the Court GRANTS the Government's motions to admit evidence regarding the February 29, 2016 shooting, to refer to Defendant's first trial as a "prior proceeding," and to permit cross-examination of Defendant's prior convictions should Defendant testify. The Court DENIES Defendant's request to call Dr. Cutler as an expert witness, and the Government's motions to preclude Defendant from asserting the public authority

defense and to admit evidence of Defendant's prior convictions in its case-in-chief.

**SO ORDERED.**