WILLIAM F. KUNTZ, II, United States District Judge:
The Government moves in limine for an order permitting it to impeach the defendant, Mr. David White ("Defendant"), with certain of his prior felony convictions pursuant to Federal Rule of Evidence 609 if he chooses to testify during trial. ECF No. 50 ("Gov't Rule 609 Mot."). For the reasons discussed below, the Government's motion is GRANTED in part and DENIED in part.[1]
BACKGROUND
On June 23, 2017, Defendant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 et seq. ECF No. 8. On September 15, 2017, Defendant filed a motion seeking to suppress a firearm, ammunition, and all other tangible evidence obtained as a result of a car search that occurred in the early morning hours on May 31, 2017. ECF No. 18 at 1-2. After holding a suppression hearing and considering the parties' written submissions, this Court denied Defendant's motion *358 in a written decision dated February 8, 2018. ECF No. 40.
On April 23, 2018, the Government filed its first motion in limine seeking an order allowing it to impeach Defendant with certain prior felony convictions pursuant to Rule 609(a) should Defendant elect to testify at trial. Gov't Rule 609 Mot. Specifically, the Government intends to impeach Defendant with the statutory name of the offense, date of conviction, and sentence imposed for the following convictions: (1) Defendant's March 23, 2015 conviction for attempted criminal possession of a controlled substance in the third degree with intent to sell, in violation of N.Y. Penal Law § 220.16(1), for which he was sentenced to one year of imprisonment;[2] (2) Defendant's February 15, 2008 conviction for criminal possession of a controlled substance in the third degree with intent to sell, in violation of N.Y. Penal Law § 220.16(1), for which he was sentenced to one year of imprisonment; and (3) Defendant's March 21, 2007 conviction for attempted assault in the second degree during the commission of a felony, in violation of N.Y. Penal Law § 120.05(6), for which he was sentenced to one to three years of imprisonment and released to parole on December 4, 2008. Id. at 3. The Government also seeks permission to cross-examine Defendant regarding the underlying facts of his prior criminal convictions if he "opens the door" and testifies in a manner that contradicts the facts of those prior convictions. Id. at 6.
On April 30, 2018, defense counsel filed a response in opposition to the Government's motion. Def. Resp., ECF No. 56. In his response, defense counsel states "Mr. White does not intend to testify in this case." Id. at 1 n.1. Nonetheless, in the event Defendant does testify at trial-and for the purpose of allowing both parties to prepare their respective cases with full knowledge of this Court's evidentiary rulings-this Court provides its rulings and explanations on the Government's first motion in limine below.
DISCUSSION
I. Federal Rule of Evidence 609
Federal Rule of Evidence 609 controls the impeachment of a witness by evidence of a criminal conviction. In relevant part, it provides: "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence ... must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed R. Evid. 609(a)(1).[3] Pursuant to Rule 609(b), there is a ten-year limitation that "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." If more than ten years have passed, "[e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent *359 gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).
In determining whether "the probative value of [a prior conviction punishable by death or more than one year of imprisonment] outweighs its prejudicial effect to [the] defendant" under Rule 609(a)(1)(B), district courts are guided by several factors, including: (1) the impeachment value of the prior crime; (2) the date of the conviction and the witness's subsequent history (the more recent, the more probative); (3) the similarity between the past crime and the charged crime (the more similar, the greater likelihood of prejudice); (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v. Hayes , 553 F.2d 824, 828 (2d Cir. 1977) (citations omitted); United States v. Thomas , 214 F.Supp.3d 187, 195 (E.D.N.Y. 2016) (Kuntz, J.) (citations omitted); United States v. Brown , 606 F.Supp.2d 306, 311-12 (E.D.N.Y. 2009) (Matsumoto, J.) (citations omitted). The burden is on the Government to show that the probative value of a prior conviction outweighs its prejudicial effect. Hayes , 553 F.2d at 828. When evidence of a prior conviction is admitted, the presumption is that only the "essential facts" of the prior conviction-which include "the statutory name of each offense, the date of conviction, and the sentence imposed"-will be admitted for purposes of impeachment. United States v. Estrada , 430 F.3d 606, 615-16 (2d Cir. 2005) ; Brown , 606 F.Supp.2d at 312.
II. Application
A. March 23, 2015 Conviction
The Court finds Defendant's March 23, 2015 conviction for attempted criminal possession of a controlled substance is admissible for impeachment purposes. Regarding the first factor, "[r]ule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." Estrada , 430 F.3d at 617. The Second Circuit has recognized that offenses involving controlled substances can be valuable for impeachment purposes. See Hayes , 553 F.2d at 828 ; United States v. Ortiz , 553 F.2d 782, 784 (2d Cir. 1977) ; United States v. Jenkins , 02-CR-1384, 2003 WL 21047761, at *2 (S.D.N.Y. May 8, 2003) (Casey, J.) ("The Second Circuit has stated that evidence of a witness's prior narcotics conviction is highly probative on the issue of a witness's credibility." (citations omitted) ). This is not to say that all controlled substances offenses have the same bearing on credibility-indeed, courts in the Second Circuit have "made a distinction for the purposes of Rule 609(a)(1) among types of drug crimes." United States v. Vasquez , 840 F.Supp.2d 564, 568-69 (E.D.N.Y. 2011) (Matsumoto, J.). Drug convictions involving possession, as opposed to drug smuggling or large-scale distribution, are generally considered less valuable for impeachment purposes. See, e.g., Hayes , 553 F.2d at 828 n.8 ("In terms of credibility a conviction for sale of narcotics may fall somewhere between a conviction for narcotics smuggling and one for narcotics possession." (citation omitted) ); Vasquez , 840 F.Supp.2d at 568-69 (listing cases). Here, although Defendant's 2015 conviction for violation of N.Y. Penal Law § 220.16(1) -which requires the intent to sell as an element of the offense, see, e.g., People v. Susanol , 276 A.D.2d 345, 714 N.Y.S.2d 464, 465 (1st Dep't 2000) -is not as valuable for impeachment as some other drug convictions (e.g. , drug smuggling, as in Hayes ), it nonetheless has some impeachment value. See Jenkins , 2003 WL 21047761, at *2.
Defendant's March 2015 conviction is approximately three years old. "Remoteness *360 is measured from the date of trial." Vasquez , 840 F.Supp.2d at 570 (citing United States v. Weichert , 783 F.2d 23, 26 (2d Cir. 1986) ). As the Second Circuit has explained, more recent convictions have more probative value. Hayes , 553 F.2d at 828. The Government argues that the second factor weighs in favor of admitting each of Defendant's prior convictions because they "are within the 10 year statutory limit" set forth in Rule 609(b). Gov't Rule 609 Mot. at 5. While it is true that the March 2015 conviction is within the ten-year period and is therefore subject to the more lenient balancing test of Rule 609(a)(1)(B), it does not follow that this factor automatically tips the scale in favor of admission; convictions within the latter half of the ten-year period have diminishing probative value, even though they are still within the ten-year period. See United States v. Washington , 746 F.2d 104, 106 (2d Cir. 1984) ; Vasquez , 840 F.Supp.2d at 570. Nonetheless, the March 2015 conviction is still relatively recent and is within the first half of the ten-year period, thereby increasing its probative value. See Jenkins , 2003 WL 21047761, at *2 (admitting prior narcotics conviction for criminal sale of a controlled substance because, among other reasons, the prior conviction "is recent and therefore probative of [the defendant's] current truthfulness").
Regarding the third factor, "similarity of past and present offenses weighs heavily against the use of prior criminal convictions for impeachment purposes." Brown , 606 F.Supp.2d at 314. This is because when the prior conviction is similar to the charged crime, "the jury may infer unfairly that Defendant has a propensity to commit [that type of] offense[ ]." United States v. Joe , 07-CR-734, 2008 WL 2810169, at *4 (S.D.N.Y. July 21, 2008) (Keenan, J.). The Government argues the March 2015 narcotics conviction is dissimilar to the crime with which Defendant is charged, being a felon in possession of a firearm. Gov't Rule 609 Mot. at 5. In Vasquez , the defendant was also charged with being a felon in possession of a firearm, and the Government sought to use three of defendant's prior narcotics convictions for impeachment purposes under Rule 609(a)(1) if the defendant elected to testify during trial. Vasquez , 840 F.Supp.2d at 565-66. The court noted that "[w]hile sale of a controlled substance and a felony-in-possession gun charge are different crimes, admission of the drug convictions in this case would still cause undue prejudice because guns and drugs are commonly perceived as inextricably linked," and concluded the similarity of the crimes at issue weighed against admission. Id. at 571-72 (citations omitted); see also United States v. White , 08-CR-682, 2009 WL 4730234, at *1, *6 (E.D.N.Y. Dec. 4, 2009) (Garaufis, J.) (finding that admitting defendant's prior narcotics conviction for impeachment created high likelihood the jury would unfairly infer that the defendant, who was charged with being a felon in possession, had a high propensity to commit crime and carry a gun). In Jenkins -also a case in which the defendant was charged with being a felon in possession of a firearm, and the Government sought to impeach the defendant with evidence of a prior conviction for criminal sale of controlled substance-the court reached the opposite conclusion, finding that "the narcotics conviction is not similar to the felon in possession charge that Mr. Jenkins faces here." Jenkins , 2003 WL 21047761, at *2. While the Court is well aware that drugs and guns are "commonly perceived as inextricably linked," the March 2015 conviction and the felon in possession charge are, at bottom, different crimes. Accordingly, this factor weighs in favor of admission.
"Where the credibility of a given witness is particularly important because *361 there is little other documentary or supporting evidence and success at trial probably hinges entirely on [the witness's] credibility with the jury, [the fourth and fifth] factors weigh in favor of admission of the prior conviction." Vasquez , 840 F.Supp.2d at 572 (quotation marks and citation omitted). The Government argues that the fourth and fifth factors-the centrality of the defendant's credibility and the importance of the testimony subject to impeachment-weigh in favor of admission because "[s]hould the defendant testify regarding his possession of the firearm, the case may turn on whose version of events the jury believes: that of the anti-crime team-which found the firearm in the pocket of the jacket the defendant had been wearing when they approached him-or that of the defendant." Gov't Rule 609 Mot. at 5. Therefore, according to the Government, "the defendant's credibility will be a crucial issue, and if the jury is not permitted to hear limited details about the defendant's prior convictions, the jury will receive a skewed and incomplete picture of the defendant's credibility." Id.
The Court agrees. Defendant's submissions in support of his motion to suppress and his submission in opposition to the Government's motions in limine indicate that, if Defendant testifies, he will likely refute the officers' accounts of what happened on May 31, 2017. See, e.g. , Defendant's Proposed Findings at 5, 7-8, ECF No. 35 (arguing Lt. Cahill did not provide credible testimony during the suppression hearing, and neither officer testified that they smelled the odor of marijuana coming from Defendant's car); Def. Resp. at 2. Where, as here, the credibility of the defendant is likely to be "critical to the jury's resolution of the case," the last two factors weigh in favor of admission. See Jenkins , 2003 WL 21047761, at *2 (admitting evidence of defendant's prior controlled substance conviction for impeachment in part because of the importance of the defendant's testimony); White , 2009 WL 4730234, at *4 & n.3 (admitting prior conviction for impeachment purposes and finding the fourth and fifth factors favored admission because "if [defendant] testifies, he is likely to offer a version of events that is different from the three officers who will present the Government's case," and "[t]he question of his credibility will therefore be important to the jury"); Thomas , 214 F.Supp.3d at 196 ("The fourth and fifth factors strongly weigh in favor of admission. If Defendant testifies, his testimony would likely contradict the testimony of the Government's witnesses; in such a circumstance, evidence of Defendant's prior convictions would be highly probative for the jury to determine his veracity and credibility."); see also United States v. Cruz , 343 F.Supp.2d 226, 233 (S.D.N.Y. 2004) (Marrero, J.) ("[The defendant's] decision to take the stand will place his credibility at issue, and his prior convictions for robbery in the first degree are probative as to the issue of his credibility." (citations omitted) ).
Accordingly, having considered all of the relevant factors, this Court concludes that the Government is permitted under Rule 609(a)(1)(B) to impeach Defendant with the statutory name of the offense, date of conviction, and sentence imposed for his 2015 conviction of attempted criminal possession of a controlled substance in the third degree with intent to sell.
B. February 15, 2008 Conviction
The Government also argues that it should be permitted to impeach Defendant with evidence of his February 15, 2008 conviction for criminal possession of a controlled substance in the third degree with intent to sell, also in violation of N.Y. Penal Law § 220.16(1). The Court disagrees.
*362 Unlike the 2015 conviction, the 2008 conviction is far more remote, and its probative value for impeachment purposes is less than that of the more recent 2015 conviction. See Vasquez , 840 F.Supp.2d at 570 (finding narcotics convictions that were more than twelve years, eight years, and six years old have "diminished probative value"). Moreover-and despite the Government's contentions to the contrary-it is not clear whether this 2008 conviction falls within the ten-year time period set forth in Rule 609(b). Trial in this case is scheduled to begin on May 14, 2018, and because the ten-year period is calculated from the time of trial, the February 15, 2008 date of conviction falls beyond the ten-year period. See Weichert , 783 F.2d at 26 (calculating ten-year period based on date of trial); United States v. Pedroza , 750 F.2d 187, 203 (2d Cir. 1984) (same). Although the Government states Defendant was sentenced to one year of imprisonment for the 2008 conviction, the Government does not provide the date of Defendant's release from confinement, which could possibly have also been outside of the ten-year time period. Gov't Rule 609 Mot. at 3. Instead, the Government simply states that "each of the three convictions on which the government seeks to impeach the defendant-or in the case of the 2007 conviction, the date on which the defendant was released from prison-are within the 10 year statutory limit." Id. at 5. As stated supra , pursuant to Rule 609(b), a more stringent standard applies to convictions falling outside of the ten-year period. Even assuming the 2008 conviction falls within the ten-year period, however, the Court still finds that it should be excluded.
Although the 2008 conviction involves violating the same provision of the N.Y. Penal Law as the 2015 conviction, it does not necessarily follow that both convictions should be admitted. "Once a prior felony has been presented to the jury, the incremental value of additional convictions may be diminished." White , 2009 WL 4730234, at *5 (citing United States v. Washington , 746 F.2d 104, 107 (2d Cir. 1984) (Newman, J., concurring) ). For example, in White , the court admitted only one of the defendant's two prior convictions at issue, concluding that "the prejudicial effect of the two prior convictions would outweigh their impeachment value." Id. at *6. Accordingly, taking into account the remoteness of the 2008 conviction and the increased possibility of unfair prejudice resulting from admission of a second prior conviction for a controlled substance offense, the Government is prohibited from impeaching Defendant with evidence of the 2008 conviction.
C. March 21, 2007 Conviction
In the event Defendant testifies during trial, the Government seeks to impeach Defendant with evidence of his March 21, 2007 conviction for attempted assault in the second degree during the commission of a felony, in violation of N.Y. Penal Law § 120.05(6). Gov't Rule 609 Mot. at 3. The Court concludes that the March 2007 conviction is inadmissible for impeachment purposes under Rule 609.
The Second Circuit has cautioned that crimes involving acts of violence "which may result from a short temper, a combative nature, extreme provocation, or other causes ... generally have little or no direct bearing on honesty and veracity," and assault-like crimes do not usually relate to credibility. Estrada , 430 F.3d at 617-18 (quoting Gordon v. United States , 383 F.2d 936, 940 (D.C. Cir. 1967) ); see also United States v. Steele , 216 F.Supp.3d 317, 326 (S.D.N.Y. 2016) (Marrero, J.) ("[C]rimes of violence ... have little probative value in establishing a witness's character for truthfulness ...."(citation omitted) ); 4 Jack B. Weinstein and Margaret A. Berger, *363 Weinstein's Federal Evidence § 609.05[3][b] (2d ed. 2018) ("[C]rimes of violence generally have limited probative value concerning the witness's character for truthfulness."). Thus, the impeachment value of the 2007 conviction is minimal.
The date of the conviction also cuts against admission. According to the Government, Defendant's date of conviction for the 2007 attempted assault is March 21, 2007, and Defendant was released on parole on December 4, 2008. Gov't Rule 609 Mot. at 3.[4] Although this conviction is within the ten-year period of Rule 609(b) and therefore subject to the more lenient balancing test of Rule 609(a)(1)(B), it is only several months away from falling outside of the ten-year period. Because the usefulness of a prior conviction for impeachment diminishes as the conviction becomes more remote-and because this conviction is nearly ten years old-the second factor weighs against admission. See, e.g., Hayes , 553 F.2d at 828 ; Vasquez , 840 F.Supp.2d at 570.
The third factor, the similarity between the past crime and the charged crime, is a closer question, but also weighs against admission. The Government argues the prior attempted assault conviction is dissimilar to the crime charged, "leaving little risk that [its] admission will implicate the defendant's propensity to commit the crime of possessing a firearm as a previously convicted felon with which he is charged." Gov't Rule 609 Mot. at 5. To be sure, attempted assault and felon in possession of a firearm are different crimes, and the Government does not contend that the 2007 attempted assault conviction involved a firearm. However, because of the close association between firearms and crimes of violence, there is a significant risk that, if the 2007 conviction is admitted for impeachment, the jury may find that Defendant has a propensity to engage in violent crimes and possess a firearm. See, e.g., Brown , 606 F.Supp.2d at 316 (noting similarity between prior violent crime and charged crime involving a firearm could lead a jury to believe that the defendant had a propensity for committing violent acts and possessing weapons); White , 2009 WL 4730234, at *6 (admitting only one of two prior convictions for impeachment because of concern that the jury "is more likely to view the testifying Defendant as having a propensity to commit crime (and to carry a gun) than having a propensity to be dishonest"); Lewis v. Velez , 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (Francis, M.J.) (noting concern that admitting prior assault convictions for impeachment would "skirt too close to the impermissible suggestion that the [witness] had a propensity toward violence").
With regard to the fourth and fifth factors, as already discussed, these factors would support admission given the importance of Defendant's testimony and his credibility if he chooses to testify. However, when considered with the other factors, the Court finds the probative value of the 2007 conviction does not outweigh its prejudicial effect, and the Government may not use it for impeachment under Rule 609(a)(1)(B). Contrary to the Government's assertion, if Defendant testifies, there is no risk he will appear "pristine" because the 2015 conviction may be used to impeach Defendant, and the parties have indicated their intent to stipulate to the fact of Defendant's status as a convicted felon, further ameliorating the Government's concern. See Vasquez , 840 F.Supp.2d at 573.
*364 D. Government's Request to Introduce Facts Relating to Defendant's Prior Felony Convictions if Defendant Opens the Door
Finally, the Government requests that "if the defendant testifies in a manner that contradicts the facts underlying his criminal convictions, the government requests that it be permitted to cross-examine the defendant using the underlying facts of his prior convictions." Gov't Rule 609 Mot. at 6. The Court grants this request. "A defendant has no right to avoid cross-examination into the truth of his direct examination, even as to matters not related to the merits of the charges against him." United States v. Payton , 159 F.3d 49, 58 (2d Cir. 1998). In United States v. Beverly , the Second Circuit stated "[w]here a defendant testifies on direct about a specific fact, the prosecution is entitled to prove on cross-examination that he lied as to that fact," and held the district court did not abuse its discretion when it permitted the Government to cross-examine the defendant about his prior familiarity with and possession of guns because he testified in a contradictory manner on direct examination. 5 F.3d 633, 639-40 (2d Cir. 1993) ; see also United States v. Mesbahuddin , 10-CR-726, 2011 WL 3841385, at *2 (E.D.N.Y. Aug. 26, 2011) (Garaufis, J.) (granting Government motion's to cross-examine the defendant regarding the "underlying facts" of a prior conviction if the defendant " 'open[s] the door' by testifying 'in a manner that contradicts his criminal history' "). Accordingly, to the extent Defendant testifies in a manner that contradicts the facts of his previous convictions and thereby "opens the door," the Government is permitted to cross-examine Defendant regarding those facts.
CONCLUSION
For the foregoing reasons, the Government's first motion, ECF No. 50, is GRANTED in part and DENIED in part. If Defendant testifies at trial, the Government is permitted, pursuant to Rule 609(a)(1)(B), to impeach Defendant with the statutory name of offense, date of conviction, and sentence imposed for his 2015 conviction, but not with evidence of his 2008 and 2007 convictions. Furthermore, to the extent Defendant testifies in a manner that contradicts the facts underlying his prior convictions, the Government is permitted to cross-examine Defendant using the underlying facts of those convictions.
SO ORDERED.

Defendant and the Government have also filed additional motions in limine . This Court addresses those motions in separate decisions.

For purposes of applying Rule 609(a)(1), the relevant inquiry is whether the possible punishment for the crime is imprisonment for more than one year, not the term of imprisonment the defendant actually receives. See United States v. Brown , 606 F.Supp.2d 306, 311 n.3 (E.D.N.Y. 2009) (Matsumoto, J.).

The Rule also provides that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving-or the witness's admitting-a dishonest act or false statement." Fed. R. Evid. 609(a)(2). However, the Government does not contend that this subsection applies to Defendant's prior convictions at issue.

On page three of its motion, the Government states Defendant has a March 21, 2007 conviction for attempted assault, but on page five, the Government writes that Defendant pled guilty to the assault charge on March 27, 2007. Gov't Rule 609 Mot. at 3, 5.