# United States Court of Appeals
## For the First Circuit

No. 18-1412

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN SILVIA, JR.,
a/k/a/ JOHN SILVIA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

Henry B. Brennan for appellant.
Alexia R. De Vincentis, Assistant United States Attorney,
with whom Andrew E. Lelling, United States Attorney, was on brief,
for appellee.

March 20, 2020

**BARRON**, <u>**Circuit Judge**</u>.  John Silvia, Jr. appeals from the denial of his motion for a new trial, in which he sought to vacate the seventeen convictions that he received and that resulted from two separate trials, each of which were held in the District of Massachusetts before the same judge in, respectively, 2016 and 2017.  We affirm.

## I.

We begin with the rather involved procedural history so that we may properly frame the issues before us.  In March of 2014, the United States charged Silvia in an eighteen-count indictment.  The indictment included nine counts of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff(a), and 17 C.F.R. § 240.10b-5; four counts of wire fraud in violation of 18 U.S.C. § 1343; and five counts of mail fraud in violation of 18 U.S.C. § 1341.

Silvia moved, in March of 2015, to sever his trial on the nine securities fraud counts and two of the wire fraud counts from his trial on the other two wire fraud counts and the five mail fraud counts.  The District Court granted the motion to sever in January of 2016.  As a result, Silvia faced trial, initially, on the nine securities fraud counts and only two of the four wire fraud counts.  Before his trial on those eleven counts began, however, the government dropped one of the nine counts of

- 2 -

securities fraud.  Thus, Silvia faced, in the first trial, eight securities fraud counts and two wire fraud counts.

The trial on those ten counts began soon thereafter, and, on February 11, 2016, a jury found Silvia guilty of each of the eight counts of securities fraud but not guilty of the two counts of wire fraud.  Before a judgment of conviction had been entered on any of the eight securities fraud counts, however, Silvia filed, on February 24, 2016, a motion for the appointment of new counsel and a motion for a new trial.  He based the motion for a new trial on a claim of ineffective assistance of trial counsel in violation of his right to counsel under the Sixth Amendment to the federal Constitution.

The District Court granted Silvia's motion for new counsel on March 15, 2016.  But, on January 9, 2017, the District Court denied without prejudice Silvia's motion for a new trial.

In the interim, on July 19, 2016, a grand jury handed up a superseding indictment that set forth the counts that Silvia was slated to face in the second trial, which had not yet begun.  The superseding indictment charged Silvia with one count of structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3); one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1); and the two counts of wire fraud and five counts of mail fraud that had been set forth in the initial indictment but for which he had not yet been tried.

- 3 -

On January 5, 2017, Silvia filed a motion in limine concerning the trial on the nine counts set forth in that superseding indictment that loomed. In that motion, he sought to preclude his guilty verdicts from the first trial -- for which no judgment of conviction yet had been entered -- from being used to impeach him, should he testify, in his upcoming trial. Silvia argued, in part, that the ineffective assistance of trial counsel that he claimed that he had received at his first trial had so tainted those guilty verdicts that they could not be used to impeach his testimony at the upcoming trial. Silvia also argued, though, that those guilty verdicts could not be used to impeach his testimony at the upcoming trial for the distinct reason that no judgment of conviction yet had been entered on any of them.

The District Court denied Silvia's motion in limine on January 9, 2017. The trial on the nine counts in the superseding indictment then began, and on February 15, 2017, the jury rendered guilty verdicts on each of those counts.

Following those verdicts in the second trial, Silvia, on February 28, 2017, filed a motion for a new trial. The District Court held an evidentiary hearing on this motion. The District Court appeared to treat that motion as challenging not only the nine counts for which he had been found guilty in the most recent trial but also the eight counts for which he had been found guilty in the first trial, but for which no judgment of conviction had

yet been entered.  The District Court denied this motion in a written opinion on April 23, 2018.  This appeal then followed.

## II.

The parties -- in briefing before the District Court and in briefing before this Court -- appear to proceed on the understanding that the District Court treated the motion for a new trial that Silvia filed on February 28, 2017 as challenging all seventeen of the convictions that resulted from the two separate trials.  We follow suit in considering the merits of Silvia's challenge to the District Court's denial of that motion.

We begin with Silvia's contention that the District Court erred in denying the motion because it erred in finding that he failed to show that he received ineffective assistance of counsel at his first trial.  We see no merit to the argument.

A District Court may "grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  When a motion for a new trial is premised on a claim of ineffective assistance of trial counsel, we apply the two-part test laid out in Strickland v. Washington, 466 U.S. 668 (1984), to determine whether the district court erred in denying the motion.  United States v. Wilkerson, 251 F.3d 273, 279 (1st Cir. 2001).  Thus, to succeed in his challenge to the District Court's denial of that motion, Silvia must show that:  (1) his "counsel's performance fell below an objective standard of reasonableness," id. (citing Strickland, 466

- 5 -

U.S. at 687); and (2) that this deficient performance prejudiced the defense such that "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. (quoting Strickland, 466 U.S. at 693-94). The parties agree that our review of the District Court's legal conclusions with respect to the ineffective assistance of counsel claim is de novo and that our review of its findings of fact with respect to that claim is for clear error. See Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012).

We ordinarily do not consider an ineffective assistance of trial counsel claim, however, on direct appeal. See United States v. Miller, 911 F.3d 638, 642 (1st Cir. 2018). But, we may do so where, as here, a district court has taken steps "to marshal and evaluate evidentiary facts required to place the adequacy of a defendant's representation into proper perspective." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991); see also United States v. Colón-Torres, 382 F.3d 76, 85 (1st Cir. 2004) (explaining that this Court can hear ineffective assistance of counsel claims on direct appeal "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration" of the claim (quoting Natanel, 938 F.2d at 309)).

Silvia asserts that the record shows that his trial counsel failed to obtain exculpatory evidence, interview and call

witnesses on his behalf, retain and consult with a securities expert, review discovery, adequately prepare the defendant to testify, and that his trial counsel created an adversarial relationship with Silvia that prevented the counsel from adequately and zealously representing Silvia. On that basis, he contends that he has satisfied the Strickland standard.

For substantially the same reasons that the District Court set forth in the order issued on April 23, 2018, however, we conclude that Silvia has not satisfied his burden under Strickland to support his claim that he received ineffective assistance of counsel at his first trial. We thus reject Silvia's challenge to the District Court's denial of his February 28, 2017 motion for new trial, insofar as it is premised on that claim of ineffective assistance of trial counsel. See Loc. R. 27(c).

That still leaves, though, Silvia's challenge to the District Court's denial of that motion, insofar as it is premised on the contention that it was error for the District Court to deny his motion in limine for reasons independent of his assertions of ineffective assistance of trial counsel and that this error unduly prejudiced his ability to testify on his own behalf at his second trial. Silvia premises this contention on the argument that the jury's guilty verdicts from the first trial could not be used for impeachment purposes at his second trial because those verdicts were not final convictions at the time of that second trial.

Silvia provides no authority from this court or any other to support his premise that, because no judgment of conviction had been entered on any of the counts for which the jury at the first trial had rendered guilty verdicts, the District Court erred in denying his motion in limine to preclude those guilty verdicts from being used to impeach him at his second trial. Nor does he address the substantial contrary authority from other circuits that indicates that the guilty verdicts from the first trial could have been used to impeach him at the second. See, e.g., United States v. Vanderbosch, 610 F.2d 95, 96-97 (2d Cir. 1979) (explaining that "there is no distinction between a jury's finding of guilty and the entry of judgment for impeachment purposes" and upholding the district court's determination that the defendant could have been impeached with the guilty verdict, had he testified); United States v. Klein, 560 F.2d 1236, 1239-41 (5th Cir. 1977) (finding that "[a] jury's verdict of guilty prior to entry of judgment is no less final than a conviction during the pendency of an appeal," and that "[i]n both cases the finding of guilt should be competent as impeachment evidence," and upholding the district court's determination that the defendant could have been impeached with a guilty verdict if he had testified).

In addition, Silvia fails to respond persuasively to the government's assertion that, because he did not testify at his second trial, his challenge must fail under Luce v. United States,

- 8 -

469 U.S. 38, 43 (1984). Silvia contends in response only that an exception to Luce should be made because he testified to the charges that he faced at his first trial and at the hearing for his motion for a new trial and thus that "there is a sufficient record of [his] potential testimony and his reasoning for not testifying." But, the charges that Silvia faced at his first trial concerned a distinct fraudulent scheme, while the testimony that he points to from his hearing on the motion for new trial amounted to little more than a representation that he would have testified at the second trial if the guilty verdicts from the first trial could not have been used against him. Thus, we do not see how Silvia's testimony either from his first trial or from his hearing on the motion for a new trial enables us "to determine the impact any erroneous impeachment may have had in light of the record as a whole," id. at 42, such that, even if we were to assume that Luce might allow for an exception for a non-testifying defendant in some circumstance, we could conclude that he is entitled to the exception to Luce that he asks us to make.

### III.

The District Court's denial of Silvia's motion for a new trial is **affirmed.**